## SUMMERS ET AL. *v.* HOOVER ET AL.

EVIDENCE.—*Fraudulent Conveyance.*—Certain real estate was purchased of A. and conveyed to B., and by B. and his wife conveyed to C., the father of B.'s wife, and by C. conveyed to the wife of B. In a proceeding to subject said real estate to the payment of a judgment against B. on the ground of fraud; *Held,* that under an answer of general denial evidence was admissible that C. was to pay A..the consideration for the real estate; that the deed was to have been made in the name of B.'s wife; that it was made to her husband without her knowledge and consent, and that she objected to its being made to her husband as soon as she knew of the fact.

CONVEYANCE TO WIFE.—*Gift from Father.*— Where a father, to provide his daughter with a home, paid the purchase-money for certain real estate, intending to make a gift of it to his daughter, and the real estate was conveyed to the husband of the daughter, and she never relinquished to her husband her right to hold the purchase-money or the benefit of it to her separate use ; and afterward the husband, in consideration that his wife's father had paid the purchase-money for her benefit conveyed the real estate through the father to her, she had the right to hold it against a creditor of the husband.

SAME.—Where a married man, about the time of making a purchase of real estate, informed his wife that if her father would pay the purchase-money he would have the conveyance made to her ; and the father of the wife, in pursuance thereof, paid for the land ; and without the consent of the wife, or of her father, the deed was taken in the name of the husband ; and afterward, being in failing circumstances, he, in order to fulfil his promise to his wife, conveyed the real estate to her through a trustee ;

*Held,* that the conveyance was founded on a good consideration, and was not fraudulent, and the land could not be taken from the wife to pay the debts of the husband.

APPEAL from the Henry Circuit Court.

DOWNEY, J.—This was an action by the appellees against the appellants. It is stated in the complaint that on the 19th day of April, 1871, the plaintiffs recovered a judgment against Horace Summers and Charles C. Shedron as partners, in the common pleas of Henry county, for six hundred and sixteen dollars and fifty-eight cents ; that an execution was issued thereon and levied upon certain real estate described in the complaint; that the real estate was advertised and offered for sale, but no one bid on it; that the

partnership between said Summers and Shedron was dissolved in 1871, and said Shedron sold his interest in the partnership stock to one Wisehart, for one thousand and sixty-three dollars, and took Wisehart's notes therefor, payable to David Van Mater, to hinder, delay, and defraud the creditors of Shedron, and without any consideration from Van Mater; and that at said time, with intent to delay and defraud his creditors, Shedron conveyed to Van Mater the said real estate so levied upon by the sheriff, with the consent and by collusion with Van Mater, and without any consideration; and that Van Mater, without any consideration, reconveyed said real estate to Maria Shedron, wife of said Charles C. Shedron, she having full knowledge of the facts.

Prayer that the plaintiffs have judgment for seven hundred dollars; that said conveyances be declared fraudulent; that said judgment be declared a lien upon said real estate; that a writ of attachment issue against said Summers and Shedron, and a writ of garnishment against said Wisehart, etc.

Answer by general denial. Trial by jury and general verdict for plaintiffs, with answers to certain interrogatories propounded to the jury. There was a motion made by the defendants for a new trial, for the reasons, among others, that the evidence was not sufficient to support the verdict of the jury; that the court had improperly refused to admit certain specified evidence offered by the defendants, and had erred in certain of the charges given to the jury, and in refusing other charges designated by their numbers.

Among the errors assigned, it is alleged that the complaint does not state facts sufficient to constitute a cause of action, and that the court improperly refused to grant a new trial.

The specific objection urged against the complaint is, that it does not show that Shedron had not other property sufficient to pay the debt mentioned without resorting to the land in question. As the complaint, in this respect, can be amen-

ded on return of the cause to the circuit court, if it shall be deemed necessary, and as we have concluded to dispose of the case on other grounds, we will not stop to consider that question, but will proceed to examine the questions presented on the motion for a new trial.

There is very little conflict in the evidence. It appears that Shedron was indebted to Van Mater in the sum of one thousand dollars, which Shedron had agreed to secure by a mortgage on his interest in the partnership stock, but had not done so; that Van Mater had intended to give this amount to his daughters, six hundred dollars to Mrs. Shedron and four hundred to Mrs. Painter; that for this reason the note of Wisehart was made payable to him; that Van Mater paid for the land, which was purchased from one Hopper designing it for his daughter, Mrs. Shedron, but the deed was made in her husband's name; and that for this reason, Shedron conveyed to Van Mater, and Van Mater to Mrs. Shedron. The *bona fides* of these transactions was the question in controversy. While Mrs. Shedron was on the witness stand, at the proper time, her counsel propounded to her the following questions, which the court refused to allow her to answer:

"1. State what agreement, if any, was made between you and your husband before and at the time the property was purchased of Hopper, as to who should furnish the purchase-money and to whom the deed should be made.

"2. State when the deed from you and your husband to David Van Mater, and the deed from Van Mater to you, were first made out, and when they were finally executed.

"3. State whether or not the deed from Hopper to your husband was made to him with your knowledge and consent.

"4. State whether or not you consented to have the deed from Hopper made to your husband.

"5 State what agreement, if any, was made between you and your husband, at the time the property was finally paid for, as to the person to whom the property should be conveyed.

"6. State whether or not, after you learned that the title was in your husband, you objected to it, and what agreement he made about reconveying it to you, if any."

The reason for refusing to allow her to answer the questions was, that the evidence sought to be elicited was not admissible under the issue formed by the general denial.

It is, perhaps, more common to state in the bill of exceptions the facts which the party offered to prove, than to set forth the questions propounded. But assuming that Mrs. Shedron would have answered that her father was to pay the consideration for the real estate; that the deed was to be made in her name ; that it was made to her husband without her knowledge and consent; and that she objected to the deed being in the name of her husband so soon as she knew of the fact, etc., we think the offered evidence was clearly admissible under the general denial, as tending to negative the fraud charged in the complaint, and which, under the general denial, the plaintiff was bound to prove. 2 G. & H. 113, sec. 91.

The court was asked by the defendants, and refused, to give the following instructions:

"If you find that David Van Mater, for the purpose of providing his daughter, Mrs. Shedron, a home, paid the purchase-money for the house and lot in suit, intending to make a gift of it to his daughter, and Mrs. Shedron never relinquished to her husband her right to hold said purchase-money or the benefit of it to her separate use, and afterwards the husband, Charles Shedron, in consideration that said Van Mater had paid said purchase-money for the benefit of Mrs. Shedron, conveyed through David Van Mater said real estate to his wife, she would have the right to hold it, and your verdict upon that branch of the case should be for the defendants.

"If you find that Charles Shedron, about the time of making the purchase of the real estate in suit, told his wife that if her father would pay the purchase-money he would have the deed made to her, and in pursuance of

this agreement the father of the wife did pay the purchase-money, and Shedron, without his wife's or her father's consent, took the deed in his own name, and afterward, being in failing circumstances, and in order to fulfil his promise to his wife and put the title in her, he conveyed said real estate to her, through a trustee, this conveyance would be founded upon a good consideration, and would not be fraudulent, and the land can not be taken away from the wife to pay the debts of the husband."

The ground covered by these charges was not covered by the charges given. We think they are correct, and that the court should have given them. Upon the facts assumed in the charges, no part of the husband's means was vested in the real estate in question, and the sale of it to pay his debts would be simply taking what was given to the wife by her father for her own use, and applying it to the discharge of her husband's indebtedness.

There were other reasons urged for a new trial, but we do not deem it necessary to consider them, as, for the reasons already stated, we think the new trial should have been granted.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

*M. E. Forkner* and *E. H. Bundy*, for appellants.
*J. Brown* and *R. L. Polk*, for appellees.