## EAGAN v. DOWNING ET AL.

55  65<br>136 148

DEMURRER TO EVIDENCE.—*Fraud.*—*Fraudulent Conveyance.*—*Husband and Wife.*—On the trial of an action by a judgment creditor, to set aside certain alleged fraudulent conveyances, made and procured by his debtor, transferring his land to his wife, through a third person, and to subject the same to execution, the evidence on behalf of the plaintiff established that the debtor, prior to his becoming indebted to the plaintiff, had acquired title to the land in question; that, subsequent to the incurring of such debt, such debtor and his wife, by deed, conveyed the land to a third person, who, with his wife, in like manner, conveyed the same to the wife of the debtor; that, though both of said last named conveyances purported to be for a valuable consideration, yet, no consideration for either passed between the parties thereto; that, about two years

afterward, the plaintiff recovered a judgment against the debtor, for the amount of said debt; and that, an execution on such judgment having been issued to the proper officer, the debtor had then no property subject to execution, and such writ was returned "unsatisfied."

*Held*, that a demurrer, by the defendant, to such evidence, was properly sustained.

*Held*, also, that it was necessary, to enable the plaintiff to recover, that he should have established, that, at the time such alleged fraudulent conveyances were made, the debtor did not have sufficient property left to pay his debts, that the debtor had procured the making of such conveyances with the intent to defraud his creditors, that the wife had knowledge of such intent, and that no consideration had passed between her and her husband, for the making of such conveyances.

*Held*, also, that though, on a demurrer to such evidence, every fair inference deducible therefrom must be taken against the party demurring, yet fraud, in the execution of such conveyances, was not deducible from such evidence and could not be presumed.

SAME.—*Conveyance by Husband to Wife.*—Where a husband, retaining ample means to pay all his debts, conveys a part of his property to his wife, such conveyance is good as to future creditors, at least.

SAME.—*Pleading.—Defence.*—To a complaint by a judgment creditor, to set aside an alleged fraudulent conveyance of the lands of his judgment debtor to the wife of the latter, and to subject the same to execution, it is a sufficient answer, by the wife, to allege that such lands had been purchased from a third person, and wholly paid for, by her, through her husband, as her agent, out of her own separate estate, but that, without her knowledge or consent, said lands had been conveyed to her husband, such judgment debtor, who had, on her demand, made the conveyance sought to be set aside.

From the Boone Circuit Court.

*S. M. Burke* and *O. Newell*, for appellant.

WORDEN, C. J.—This was an action, by the appellant, against the appellees, the object of which was to set aside certain conveyances, and to subject the property conveyed to the payment of a judgment held by the plaintiff against James M. Downing.

Judgment for defendants.

The complaint alleged, in substance, that on December 25th, 1872, James M. Downing and his wife, Lydia A., without consideration, and with the fraudulent intent to cheat the plaintiff, conveyed certain real estate, described, to John Crigler; and that, on the same day, Crigler and

his wife, without consideration, and with like intent, conveyed the property to said Lydia A. Downing. That before the conveyance by Downing and wife, the plaintiff, relying upon the solvency of Downing, contracted with him for the sale and delivery to him of a large amount of walnut lumber, which lumber was delivered before the execution of said conveyances.

That afterwards, at the November term of the same court, for the year 1874, the plaintiff obtained judgment for the sum of nine hundred and fifty-three dollars and sixty cents, against Downing, for the balance due him on the lumber, on which an execution was duly returned, on January 19th, 1875, unsatisfied; no goods or chattels, lands or tenements being found on which to levy. That, at the date of the judgment, Downing was wholly and notoriously insolvent.

The parties answered by general denial.

Mrs. Downing answered separately, setting up, in substance, that she had purchased the property with her own means, from Mrs. Rebecca J. Boyd, who, without her knowledge or consent, executed the conveyance thereof to her husband; that, soon after she discovered that the title had been taken in the name of her husband, she demanded and required of him to have the title conveyed to her; that, being advised by counsel that the only way to effect that purpose would be for her and her husband to join in a conveyance to a third person, who could then convey to her, for this purpose she joined her husband in the conveyance to Crigler, and Crigler and his wife then conveyed the property to her; that she had no knowledge of any fraud, nor was she aware of any indebtedness on the part of her husband, to the plaintiff or any one else; that she paid and gave to her husband, as her agent, to pay on the property, over nineteen hundred dollars, of her own separate and independent means.

A demurrer was sustained to this paragraph of answer; but it seems to us to have been good, unless it be open to

the implication that she had paid only part of the consideration for the land.

The cause was submitted to a jury for trial, but, upon the plaintiff's closing his evidence, the defendants filed a demurrer thereto, and the demurrer was sustained.

Judgment for the defendants.

The ruling on the demurrer to the evidence presents the only question involved here.

The plaintiff introduced a deed for the property in controversy, from Rebecca J. Boyd to James M. Downing, dated April 6th, 1871, puporting to be upon the consideration of twenty-five hundred dollars. Also, a deed from Downing and his wife to Crigler, for the property, dated December 25th, 1872, purporting to be upon the consideration of twenty-seven hundred dollars. Also, a deed from defendants Crigler and wife to Lydia A. Downing, of the same date and upon the same consideration.

He also proved, by Crigler, that the deed from Downing and wife to him was without consideration, as was also the deed from him and his wife to Mrs. Downing.

He proved by the sheriff that he had made diligent search for property, out of which to make Eagan's judgment.

Downing refused to file a schedule.

The plaintiff also gave in evidence the record of his judgment, and testified that he sold Downing a large amount of lumber in 1871, about one hundred thousand feet; delivered the most of it in 1871, the whole of it by June, 1872; Downing paid him one thousand and thirty-two dollars; had to sue him to get the balance, and got judgment for nine hundred and fifty-three dollars and sixty cents; sold the lumber to James M. Downing, by the load; there was never anything but a verbal contract.

The plaintiff also gave in evidence the execution issued upon the judgment, which came into the sheriff's hands January 18th, 1875, and was returned, on the same day,

endorsed no goods or chattels, lands or tenements on which to levy. This was all the evidence.

The appellant insists that the case was entirely made out by the evidence. We have no brief for the appellee, and are not advised in what respect it was claimed or was supposed to have been lacking, in the court below.

We may remark, that, on a demurrer to evidence, every thing will be taken against the party demurring which the evidence tends to prove, including every fair inference to be drawn from the evidence. But another legal proposition should not be lost sight of, viz., that fraud will not be presumed, but it must be proved by the party who alleges it. Fraud in this case will not be deemed to have been established, unless the evidence tends to prove it, or unless it is to be fairly inferred from the evidence.

It is apparent that the deeds from Downing and wife to Crigler, and from Crigler and wife to Mrs. Downing, were resorted to for the purpose of transferring the property from Downing to his wife.

This transaction took place December 25th, 1872. There was no evidence tending to show what property Downing then had. For aught that appears, he may then have had left ample means for the payment of all his debts. A husband may convey to his wife a reasonable amount of his property, leaving ample in his hands for the payment of his debts, and such conveyance, as to future creditors, at least, will be valid. *Brookbank* v. *Kennard*, 41 Ind. 339; *Sherman* v. *Hogland*, 54 Ind. 578.

The evidence as to Downing's insolvency related to a period more than two years after the property had been thus transferred to his wife, viz., January 18th, 1875, when the execution was issued and returned.

We, however, do not rest the case solely upon this ground. There are other considerations, quite conclusive of the correctness of the decision below. The evidence does not show the consideration or motive of the transfer

of the property, thus indirectly made, from Downing to his wife It may have been purchased, originally, entirely with her means, and the deed taken in the name of her husband, without her consent. In such case, she would be entitled to have it conveyed to her, and the creditors of the husband could not subject it to the payment of their debts.

Again, her husband may have been her *bona fide* debtor, for money of hers previously had and received by him, and the property may have been transferred, in satisfaction of the indebtedness, in good faith and without fraud. Or, she may have had money of her own, which she wished to invest in real estate, and she may have been the *bona fide* purchaser of the property from her husband, for ready money paid in hand.

We do not see as the case stands upon any different ground, in respect to the necessity of proof of the alleged fraudulent character of the transfer, than it would if the conveyance had been made, by Downing and his wife, to a third person. If they had conveyed to a third person, the creditors of Downing, in order to attack the conveyance successfully and subject the land to the payment of their debts, would have to show affirmatively its fraudulent character, as that it was made without consideration, or that the grantor intended thereby to cheat, hinder or delay his creditors, of which the grantee had notice.

Downing conveyed the property, indirectly, to his wife. Eagan, a creditor of Downing, attacks the conveyance on the ground of fraud; but he fails to show any badge or circumstance of fraud. He does not show that the property was not transferred upon a valuable consideration, as between Downing and his wife; nor, if such were the case, that Downing's intent thereby was to defraud his creditors, nor that his wife had notice of such intent. The burthen of proof rested upon the plaintiff to make out his case, including the fraudulent character of the

transfer of the property. This he failed to do, and the demurrer to his evidence was, therefore, correctly sustained.

The judgment below is affirmed, with costs.