WHITESEL ET AL. *v.* HINEY ET AL.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.—Pleading.— Evidence.*— In an action by a judgment creditor, against his judgment debtor and another, to set aside an alleged fraudulent conveyance of real estate by the debtor to his codefendant, it must be charged in the complaint, and proved on the trial, that, at the time the conveyance complained of was made, the debtor did not have left enough of other property, subject to execution, to pay his debts.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellants.

PERKINS, J.—On the 31st day of May, 1876, Benjamin F. Hiney filed his complaint as follows, in the Hamilton Circuit Court:

The plaintiff complains of the defendants, and says, that, on the 2d day of March, 1875, he recovered a judgment in this court against the defendant Philip P. Whitesel, for the sum of three hundred and sixty-seven dollars and costs of suit; that, since then, he has had divers executions issued thereon, all of which have been duly returned by the sheriff of Hamilton county, Indiana, *nulla bona,* except a small amount of personal property which the said defendant had set off to him under the exemption laws of the State; that said judgment is now due and unsatisfied, and said defendant has no property, except as hereinafter mentioned, subject to execution, and is openly and notoriously insolvent; that, on or about the 5th day of March, 1875, he purchased with his own means a certain town lot in the town of Clarksville, Hamilton county, Indiana, of the defendant Isaac M. Caylor, which lot is more particularly described in the deed hereto annexed, and built thereon, out of his own means and moneys, a large and valuable frame residence, stable and out-houses, of the value of fifteen hundred dollars; that, for the purpose of cheating and defrauding his creditors, and more particularly this plaintiff, he caused the deed therefor to be made by said defendant Caylor to his wife, Mary E. Whitesel, his co-defendant, who accepted said conveyance without any consideration, with the knowledge of said fraudulent intent on the part of her co-defendant and husband, Philip P. Whitesel, which deed she and her said husband caused to be duly recorded in deed record No. 19, page 73, in the recorder's office of Hamilton county, Indiana, on the 6th day of March, 1875, a copy of which deed is filed herewith as part of this complaint; that the paper title to said premises still remains in said Mary E. Whitesel, who holds the same in fraud of the rights of the creditors of said Philip P. Whitesel. The defendant Isaac M. Caylor is made a party to this

suit to answer as to any interest he may have in said property.

The plaintiff prays that said deed be set aside, etc.

A demurrer to the complaint for want of facts was overruled, and exception entered.

The plaintiff had judgment below.

It is assigned for error that the court below erred in overruling the demurrer to the complaint.

In *Sherman* v. *Hogland*, 54 Ind. 578, it is said :

" After a very careful consideration of the whole subject, we have come to the conclusion, that, both on principle and on authority, it is necessary to charge in the complaint, and prove on the trial, that, at the time the conveyance complained of was made, the debtor did not have left enough of other property, subject to execution, to pay all his debts."

See, also, *Evans* v. *Hamilton*, 56 Ind. 34 ; *Ward* v. *Montgomery*, 57 Ind. 276 ; *Romine* v. *Romine*, 59 Ind. 346.

In the case now before us, the complaint does not contain an averment of the fact, nor show by other averments that the fact existed.

The plaintiff's judgment was recovered on the 2d day of March, 1875, and the lot was purchased on the 5th of March, three days after the recovery of the judgment. This suit was commenced on the 31st of May, 1876, near fifteen months after the recovery of the judgment and purchase of the lot.

He, plaintiff, avers that, at the filing of the complaint, the defendant Philip P. Whitesel is insolvent and has no property subject to execution ; but he does not show his pecuniary condition at any other definite point of time. He says he has had divers executions issued, but he does not state when, etc.

In *Sherman* v. *Hogland, supra*, the court say : " We do not think it sufficient to charge, that, some months or years

after the conveyance was executed, no other property could be found on which to levy an execution, or that, at some subsequent time, it was ascertained that the debtor had become wholly insolvent."

For the error in overruling the demurrer to the complaint, the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded, etc.