SPAULDING ET AL. *v.* MYERS ET AL.

FRAUDULENT CONVEYANCE.—*Complaint to Set Aside.*—*Husband and Wife.* —*Infant.*—*Notice.*—In an action by a judgment creditor, against the judgment debtor, his wife and infant children, and a third person, to set aside, as fraudulent, a conveyance of the real estate of the debtor, executed by him and his wife to such third person, and a subsequent conveyance of the same real estate by the latter to the wife and infant children of the debtor, the complaint alleged the recovery of a judgment by the creditor, against the debtor, for a debt existing at the time such conveyances were made; that execution was issued on such judgment and returned *nulla bona ;* that such conveyances were made without consideration and with intent to defraud the plaintiff; and that, at the time the *first* conveyance was made, the debtor did not possess other property, subject to execution, sufficient to pay the plaintiff's debt, and is now insolvent.

*Held,* on demurrer by the grantees of the second deed, that the complaint is insufficient.

*Held,* also, that the complaint should have alleged that the grantees had notice of the alleged fraud.

SAME.—*Cross Complaint.*—*Mechanic's Lien.*—A cross complaint in such action, by another judgment creditor, alleging the recovery of a judgment against the debtor and a contractor, on a mechanic's lien against part of the real estate conveyed, but alleging no fraud, is insufficient.

From the Clarke Circuit Court.

*J. H. Stotsenburg,* for appellants.

HOWK, C. J.—This was a suit by the appellees, Peter

F. and Charles H. Myers, as plaintiffs, against the appellants and four other persons, as defendants, to have certain deeds declared fraudulent and void as to them, and the real estate therein described subjected to sale in their favor.

In their complaint, the appellees, Peter F. and Charles H. Myers, alleged, in substance, that, on the 6th day of June, 1873, the defendant John Spaulding was indebted to them, as partners under the firm name of " Myers & Bro.," in the sum of six hundred and eight dollars and thirty cents, and, being so indebted, the said John Spaulding and Ella Spaulding, on the 30th day of July, 1873, conveyed to the defendant Henry S. Barnaby certain real estate, particularly described, in the city of Jeffersonville, Clarke county, Indiana; that said deed from said John and Ella Spaulding to said Barnaby was made without any consideration, and with the intent and for the purpose of defrauding and delaying the plaintiffs and the creditors of said John Spaulding, in the collection of their just debts then and there owing from said Spaulding; that said real estate was then and there the property of said John Spaulding, and subject to the payment of his debts ; that on the —— day of ———, 1874, said Henry S. Barnaby and Eliza Barnaby, his wife, conveyed by deed said real estate to said Ella Spaulding and her children, and the appellants, Henry and John Spaulding, Jr., were then and there and still were the only children of said Ella Spaulding; that said last mentioned deed was made without any consideration, and with the intent and for the purpose of defrauding and delaying the plaintiffs and the creditors of said John Spaulding, in the collection of their just debts then and there owing from said John Spaulding ; that, when said John Spaulding conveyed said real estate to said Barnaby, he, said John Spaulding, did not possess other property, subject to sale upon execution, sufficient for the payment

of the said debt to the plaintiffs; that, on the 7th day of September. 1875, the plaintiffs recovered a judgment in the Clarke Circuit Court of Indiana, on said indebtedness of said John Spaulding to them, for the sum of six hundred and eight dollars and thirty cents, and the costs of suit; that they caused an execution to be duly issued on said judgment, and to be placed in the hands of the sheriff of Clarke county; that said sheriff afterward, on the —— day of ———, 1876, returned said execution, in substance, no property found on which to levy the same; that said John Spaulding did not possess other property subject to execution for the payment of their said judgment, or any part thereof; and that said judgment was due and unpaid.

The plaintiffs further said, that, on the 24th day of March, 1874, Francis Perry recovered a judgment in the Clarke Circuit Court, against said John Spaulding; and that, after his recovery of said judgment, said Perry died; and that the defendant Emma Perry was then the administratrix of said decedent's estate, and was made a defendant to answer as to her interest, if any, in said real estate. Wherefore, etc.

The appellee Emma Perry filed what is called a cross complaint, setting up therein the judgment mentioned in the plaintiffs' complaint, recovered by her decedent, Francis Perry, against said John Spaulding, and alleging that the judgment was unpaid. Wherefore she prayed that the deeds described in the plaintiffs' complaint might be set aside and declared fraudulent and void as to said judgment, and for other proper relief.

To this cross complaint the appellants demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court, and to this decision they excepted, and filed their answer to said cross complaint.

The infant appellants, Henry and John Spaulding, Jr.,

by their guardian *ad litem*, answered the cross complaint by a denial thereof.

At the September term, 1876, of the court below, the cause was "submitted to the court for finding and judgment, by the consent of parties, and the court being advised finds that the defendant John Spaulding is indebted to the plaintiffs in the sum of six hundred and fifty-two dollars and ninety-eight cents, and that the property described in the plaintiffs' complaint is liable for and subject to the payment thereof." The court then rendered judgment upon and in accordance with its finding, "and this case, as to the claim and cross complaint of Emma Perry," was continued. Afterward, at the June term, 1877, of the court below, the issues joined on the cross complaint of Emma Perry were tried by the court, without a jury, and the court found for said Emma Perry, that the deeds described in the plaintiffs' complaint were fraudulent and void as against said Emma Perry, administratrix as aforesaid, and that there was due her from said John Spaulding the sum of one hundred and fifty dollars, with interest from March 24th, 1874; and the appellants' motions for a new trial, and in arrest of judgment, having been severally overruled by the court, in the order named, and their exceptions entered to each of these rulings, judgment was rendered by the court upon and in accordance with its said finding.

From the two judgments of the circuit court, in this cause, the defendants Ella Spaulding, Henry Spaulding and John Spaulding, Jr., the last two being infants, have alone appealed to this court, and have here assigned the following alleged errors:

1. The plaintiffs' complaint did not state facts sufficient to constitute a cause of action;

2. The finding in the plaintiffs' favor was by consent, as against the infant appellants, Henry and John Spauld-

ing, Jr., when the record showed they were infants, and could give no legal consent thereto ;

3. The overruling of the appellants' demurrer to the cross complaint of the appellee Emma Perry ;

4. The overruling of the appellants' motion for a new trial ; and,

5. The overruling of their motion in arrest of judgment.

We will consider and decide the several questions presented by these alleged errors, in the order of their assignment.

1. The first question discussed by the appellants' learned attorney, in his argument of this cause in this court, is the sufficiency of the facts stated in the complaint of the plaintiffs, Peter F. and Charles H. Myers, to constitute a cause of action. The complaint contained but one paragraph, in which the plaintiffs sought to have two deeds set aside and declared fraudulent and void as against them. The first of these deeds was executed, as the plaintiffs alleged, on the 30th day of July, 1873. If the plaintiffs had brought their action against the parties to this first deed only, for the purpose of having it only set aside and declared fraudulent and void, we think that the facts stated in their complaint would have been sufficient to constitute a cause of action against such parties for such purpose. But, when this suit was commenced, the appellants, two of whom were infants, were the owners of the real estate which the plaintiffs sought, in this action, to have subjected to the payment of a debt due them from John Spaulding, the grantor in said first deed. The appellants acquired their title to said real estate by and under a deed executed to them by Henry S. Barnaby, the grantee in said first deed from John Spaulding. It was alleged in the plaintiffs' complaint, that this second deed was executed by said Barnaby and his wife to the appellants, on the —— day of ———, 1874. It was necessary,

we think, that the plaintiffs should show such facts in
their complaint as would impeach the validity of both said
deeds, in order to constitute a cause of action against the
appellants. As to the first deed, in addition to the mat-
ters stated in the complaint, it should have been alleged
therein that the appellants had had notice of those matters
when the real estate in controversy was conveyed to them;
and, as to the second deed, the facts stated in the complaint
were clearly insufficient, for the reason that it was not al-
leged therein, that, when said deed was executed to the
appellants, the said John Spaulding, the plaintiffs' debtor,
did not have other property, subject to execution, sufficient
to pay all his debts. *Pence* v. *Croan*, 51 Ind. 336 ; *Sherman*
v. *Hogland*, 54 Ind. 578 ; *Eagan* v. *Downing*, 55 Ind. 65 ;
*Evans* v. *Hamilton*, 56 Ind. 34 ; *Bentley* v. *Dunkle*, 57 Ind.
374 ; *Romine* v. *Romine*, 59 Ind. 346 ; *Price* v. *Sanders*, 60
Ind. 310.

In our opinion, the complaint of the plaintiffs, Peter F.
and Charles H. Myers, in this case, did not state
facts sufficient to constitute a cause of action against the
appellants.

We pass now to the consideration of the third alleged
error, which presents for our decision the question of the
sufficiency of the facts stated in the so-called cross com-
plaint of the appellee Emma Perry, to constitute a cause
of action against the appellants.

In this cross complaint, the appellee Emma Perry, ad-
ministratrix of the estate of Francis Perry, deceased, al-
leged, that, on the 24th day of March, 1874, by the consid-
eration of the Clarke Circuit Court, Francis Perry recovered
judgment for one hundred and fifty dollars, and costs of
suit, against John Spaulding and Henry Pollock, on a me-
chanic's lien which Francis Perry, as sub-contractor of
Henry Pollock, had on lots numbers 11 and 12 of the
ground described in the plaintiff' complaint, and that said

judgment remained unpaid. Wherefore she prayed that the deeds mentioned in the plaintiffs' complaint be set aside and declared fraudulent and void as to the debt due said decedent's estate, and for other proper relief.

It is very certain, we think, that this cross complaint did not state any facts which showed that the deeds mentioned therein were fraudulent and void, or that the appellants or their real estate were liable for the payment of the debt due the estate of Francis Berry, deceased, from John Spaulding, or any part thereof. The court erred, in our opinion, in overruling the appellants' demurrer to the cross complaint of Emma Perry.

The conclusion we have reached, in regard to the insufficiency of the complaint and cross complaint in this case, renders it unnecessary for us to consider or decide the questions presented by the other alleged errors.

The judgment in favor of the plaintiffs, Peter F. Myers and Charles H. Myers, is reversed, at their costs, and the judgment in favor of Emma Perry, administratrix, is reversed, at her costs, to be levied of her intestate's estate in her hands to be administered ; and the cause is remanded, with leave to the plaintiffs to amend their complaint, and with instructions to sustain the demurrer to the cross complaint of Emma Perry, and for further proceedings.