## WILEY ET AL. v. BRADLEY.

FRAUDULENT CONVEYANCE.—*Complaint to set Aside.*—In an action to set aside an alleged fraudulent conveyance of lands, the complaint should allege that, at the time of such conveyance, the grantor had not sufficient other property left for the payment of his debts.

From the Switzerland Circuit Court.

*J. A. Works, J. D. Works* and *J. A. Works, Jr.,* for appellants.

*W. H. Adkinson,* for appellee.

BIDDLE, J.—Complaint by appellee, against the appellants, to set aside a conveyance of land made by appellants, alleged to be fraudulent, and to subject the land to the payment of a judgment in favor of the appellee.

A demurrer to the complaint, alleging the insufficiency of the facts stated to constitute a cause of action, was overruled; exceptions. Subsequent proceedings were had, resulting in a judgment in favor of the appellee. Appeal and assignment of errors in this court.

The complaint is insufficient; the demurrer to it should have been sustained. The deed alleged to have been fraudulent was executed on the 22d day of February, 1868; the judgment, to the payment of which the land is sought to be subjected, was obtained on the 28th day of August, 1874; this suit was commenced on the 10th day of March, 1875. As to the solvency of the alleged owner of the land the averment in the complaint is, "that said defendant, Elijah Wiley, has no property, except the above described real estate, out of which the said judgment obtained by plaintiff against said defendant could be made." This averment must be held to refer to the time the complaint was filed. There is no averment in the complaint that, at the time the alleged fraudulent conveyance was made, the judgment defendant had no property, beside the land, out of which the judgment could be collected. This averment is indispensable. For any thing that is alleged in the complaint, the judgment debtor might have had abundance of property subject to execution to pay his debts, from 1868 to the time this suit was commenced, in 1875, a period of seven years; if so, the judgment creditor can not disturb the deed, although it may have been made without a good or valuable consideration, as averred in the complaint. This question has been frequently decided by this court. We cite a few of the cases: *Sherman* v. *Hogland*, 54 Ind. 578; *Eagan* v. *Downing*, 55 Ind. 65; *Evans* v. *Hamilton*, 56 Ind 34; *Bentley* v. *Dunkle*, 57 Ind. 374; *Whitesel* v. *Hiney*, 62 Ind. 168; *Harlen* v. *Watson*, 63 Ind. 143.

The judgment is reversed, at the appellee's costs, and the cause remanded with instructions to sustain the demurrer to the complaint, grant leave to amend, and for further proceedings.