No. 8349.

LEE ET AL. *v.* LEE ET AL.

FRAUDULENT CONVEYANCE.—*Return of "No Property Found."—Insufficient Property to Pay Debt.*—A return of "no property found" makes a *prima facie* case and authorizes the bringing of an action in the nature

Lee *et al. v.* Lee *et al.*

of a creditor's bill, for the purpose of subjecting property, alleged to have been fraudulently conveyed, to the payment of the judgment, notwithstanding the execution defendant may have had some property subject to execution which was not found by the sheriff, but not enough to pay all his debts, or all of his debt to the plaintiff.

SAME.—*Instruction.*—In such case, an instruction that plaintiff, to recover, must prove that the defendant, at the time of said conveyance and at the commencement of this action, had no property subject to levy and sale on execution, was erroneous.

SAME.—In such case, it is no defence to allege and prove that the defendant at these times had some property subject to execution, but not enough to pay all his debts, or all of his debt to the plaintiff.

From the Daviess Circuit Court.

*S. K. Wolfe, J. H. O'Neall* and *D. J. Hefron,* for appellants.

FRANKLIN, C.—This is an action by appellants against appellees, in the nature of a creditor's bill, for the purpose of subjecting certain property, alleged to have been fraudulently disposed of by one of the appellees to the other, to the payment of a judgment in favor of appellants. An issue was formed upon the complaint by a general denial; trial by jury; verdict for appellant, as against James B. Lee (the judgment defendant) for the amount of the original judgment with interest and costs, and for the appellee Clement Lee (the holder of the property in controversy); motion for new trial overruled, and an exception reserved by appellant.

The only error assigned in this court is the overruling of a motion for a new trial. The reasons assigned in the motion for a new trial are, that the verdict was not supported by the evidence, and was contrary to law, and that the court erred in instructing the jury.

We have examined the evidence, and, while it is somewhat conflicting, that on behalf of appellees clearly tends to support the verdict; and we need not cite authorities in support of the rule, that in such cases this court will not, upon the weight of the evidence, disturb the verdict.

But, while the verdict will not be interfered with by reason

of the weight of the evidence, it is proper to consider the evidence, in determining the applicability of the instructions of the court. The instruction complained of reads as follows: "The plaintiff, in order to recover as against the defendant Clement Lee, must satisfy you by a preponderance of the evidence, that at the commencement of this suit the defendant James B. Lee had no property subject to levy and sale on an execution issued upon the decree for alimony read in evidence before you. If, at the time said decree was rendered, said James B. Lee was the owner in fee of a lot and improvements thereon appurtenant thereto, in the city of Washington, Daviess county, Indiana, the decree became a lien upon the lot and improvements, and they became subject to sale upon an execution issued upon said decree, and that said lot and improvements had some value then and thereafter, they should find for the defendant Clement Lee, there being no evidence that prior to the commencement of this suit the lot had ever been sold upon an execution issued upon said decree." This instruction is very clear as to the principle intended to be announced; and the only question is, as to whether it stated the law correctly.

In the case of *Sherman* v. *Hogland*, 54 Ind. 578, on page 584, the court says: "After a very careful consideration of the whole subject, we have come to the conclusion, that, both on principle and on authority, it is necessary to charge in the complaint, and prove on the trial, that, at the time the conveyance complained of was made, the debtor did not have left enough of other property, subject to execution, to pay all his debts. In this position we are also, in our opinion, fully sustained by the cases of *King's Heirs* v. *Thompson*, 9 Pet. 204, and *Warner* v. *Dove*, 33 Md. 579. * * It is only when an inadequate amount of property remains that creditors have the legal right to complain." P. 585.

In the case of *Evans* v. *Hamilton*, 56 Ind. 34, on page 37, the court say: "It ought also to have been shown, that, at

the time the conveyances were made, the said James Evans did not have sufficient other property remaining to pay all his debts.''

In the case of *Whitesel* v. *Hiney*, 62 Ind. 168, the foregoing cases are approvingly quoted; and the cases of *Ward* v. *Montgomery*, 57 Ind. 276, and *Romine* v. *Romine*, 59 Ind. 346, are referred to in support thereof. We believe that this rule has ever since been followed by this court. *Spaulding* v. *Myers*, 64 Ind. 264, p. 269; *Wiley* v. *Bradley*, 67 Ind. 560; *Noble* v. *Hines*, 72 Ind. 12. In this last case, the case of *Sherman* v. *Hogland, supra,* is quoted approvingly, and a citation of the cases from that time to this is given. See, also, the cases of *Spaulding* v. *Blythe*, 73 Ind. 93; *Sherman* v. *Hogland*, 73 Ind. 472; *Bruker* v. *Kelsey*, 72 Ind. 51.

The rule appears to be well settled, that the creditor must allege and prove that the debtor, at the time of the conveyance, did not have left, and had not acquired up to the time of bringing the suit, other property, subject to execution, sufficient to pay all his debts, especially all of his indebtedness to the plaintiffs; and to prove that the debtor has, and had at these times, some property subject to execution, but not enough to pay all his debts, or all of plaintiffs' debts, would be no defence to the action.

In this case, appellant's debt was over $1,300. The evidence shows that all the property the appellee James B. Lee had at the time of the transfer, as well as at the time of the bringing of this suit, other than the property charged to have been fraudulently disposed of, was a lot in the city of Washington, in said county, of the value of $125, with a corn-crib as the improvements thereon, of little value. Before this suit was commenced, an execution had been issued on appellant's judgment, and returned ''No property found.'' This return makes a *prima facie* case, and authorizes the bringing of this suit, notwithstanding the execution defendant may have had some property subject to execution, which

was not found by the sheriff, but not enough to pay all his debts, or all of his debt to plaintiff.

Under this instruction, the court substantially told the jury, if the lot was of any value, they must find for the defendant Clement Lee, thereby, under the evidence, taking the whole question of fraud away from the jury, leaving them nothing to find but for defendant Clement, unless they entirely ignored the evidence as to the lot having any value.

This instruction we think clearly erroneous, and could but tend to mislead the jury. For which the judgment below ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things reversed, at the costs of appellees.