No. 8048.

## WOOTERS ET AL. *v.* OSBORN, ADMINISTRATOR.

FRAUDULENT CONVEYANCE.—*Instruction.*—In an action to set aside an alleged fraudulent conveyance, it is error to instruct, that if, after making a conveyance without consideration, the grantor did not have unincumbered property, subject to execution, sufficient to pay all his debts, the conveyance was fraudulent as against a creditor.

SAME.—*Question of Fact.—Consideration.*—It is a question of fact, under the statute, whether a conveyance shall be deemed fraudulent, and no conveyance can be adjudged to be fraudulent solely because it was not founded on a valuable consideration.

SAME.—*Practice.—Evidence.—Supreme Court.*—The Supreme Court can not, in such case, look into the evidence for the purpose of determining whether the error in the instruction was harmless.

From the Union Circuit Court.

*W. M. Casterline, L. H. Stanford, T. W. Bennett* and *D. F. White,* for appellants.

*W. H. Bracken* and *B. Burke,* for appellee.

WOODS, J.—Action by the appellee to set aside a conveyance of real estate, on the ground that it was made in fraud of creditors.

Finding and judgment for the appellee.

The appellants saved an exception to the following instruction:

"7th. If the jury believe from the evidence that on the 26th day of December, 1877, the defendant Benjamin Wooters conveyed the real estate described in the first paragraph of the complaint to the defendants Lydia C. and Sophia Wooters, without any valuable or good consideration, and that after the conveyance thereof he did not have a sufficient amount of property unincumbered, subject to execution, to pay all his debts, and that he was indebted at the time and is indebted to the plaintiff, as alleged in his complaint, then you should find for the plaintiff, as against the defendant Benjamin Wooters."

This instruction was wrong. Whether a conveyance of property shall be deemed fraudulent, is made by statute "a question of fact," and no conveyance or charge shall "be adjudged fraudulent, as against creditors or purchasers, solely on the ground that it was not founded on a valuable consideration." 1 R. S. 1876, p. 506, sec. 21.

The fact, that the remaining property of the grantor is encumbered, may constitute an important element of the evidence in a given case, but that, under any and all circumstances, it must be deemed conclusive proof of fraud in fact and in the intention of the grantor, can not be conceded. According to the instruction, the debtor, who would convey any of his property in consideration of love and affection, must retain a sufficient amount of unencumbered property

to pay all his debts. It would not matter how large and valuable the property retained, nor how slight the encumbrance, nor how readily it might be converted into money sufficient to pay all demands, nor how willing the debtor to make the conversion whenever the creditor should require it. Indeed, he might have abundant unencumbered property to satisfy the demand in suit and the claims of all who were pressing for payment, and all other obligations might be amply secured by mortgage upon other property, and yet, according to the rule as declared, his harmless generosities could not be permitted.

We are asked, however, to look into the evidence, and upon that to say, that, though technically wrong, the instruction did no injury to the appellant, because, as is claimed, it was proven that, after conveying the land in question, the appellant did not have other property except such as was heavily encumbered, and was entirely insufficient to satisfy the demands against him. It is not our province to decide any such question. To undertake to do it, would be a direct violation of the statutory rule cited, *supra*, which makes it a question of fact in all cases, whether there was a fraudulent intent on the part of the grantor or grantee in the transaction. The judge presiding at the trial would have no right to withdraw the question from the jury; and still less would this court be justified in attempting to decide, upon an examination of the evidence in the record, that an instruction, manifestly erroneous and calculated to mislead the jury, in reference to a material point to be determined by the verdict, did not in fact work any prejudice to the appellant.

Questions are made and discussed in reference to other instructions and rulings of the court, but as they are not of special importance, or of new impression, and not likely to arise again, we do not deem it profitable or necessary to consider them further.

The judgment is reversed, with costs, and with instructions to grant a new trial.