Bishop et ux. v. State, ex rel. Lord.

No. 9713.

BISHOP ET UX. *v.* STATE, EX REL. LORD.

FRAUDULENT CONVEYANCE.—*Notice.— Volunteer.*—Where, to defraud credi-
tors, real estate is conveyed to a volunteer without knowledge of the
grantor's fraudulent intent, it may be reached by the creditors.

SAME.—*Evidence.—Insolvency.*—A creditor, seeking to reach property fraud-
ulently conveyed by his debtor, can not succeed without making proof
of the debtor's insolvency when the conveyance was made, and at the
time of commencing his suit to reach the property.

SAME.—*Resulting Trust.—Instruction.*—Where one, who is entrusted with
money of another to purchase land for the latter, wrongfully takes the
conveyance in his own name and holds it for a period of thirty-three
years, paying the taxes, improving and occupying it as a residence, and
then, upon becoming deeply involved in debt, transfers the title to the
former, it is error to instruct that such facts will warrant the jury in in-
ferring that such transfer is fraudulent as to creditors.

INSTRUCTIONS.—*Burden of Proof.*—Where facts are specially pleaded as a
defence, which constitute only an argumentative denial, the burden of
proof is on the plaintiff, and it is error to instruct that the defendant
must prove the defence by a preponderance of evidence.

BILL OF EXCEPTIONS.—*Evidence.—New Trial.*—As the law was, prior to the
taking effect of section 626, R. S. 1881, when evidence was rejected, and
at the next term a motion for a new trial was overruled and time then
given to file a bill of exceptions, such bill could not save any question
upon the rejection of the evidence.

From the Madison Circuit Court.

*J. O'Brien, C. C. Shirley, M. S. Robinson* and *J. W. Lovett,*
for appellants.

*W. A. Cullen* and *B. L. Smith,* for appellee.

BLACK, C.—The appellee sued the appellants in the How-
ard Circuit Court, alleging in the complaint, that on the 29th
of November, 1878, the appellee, by the consideration of the
Hamilton Circuit Court, held within and for the county of
Hamilton, in this State, recovered a judgment against the
appellant Ira Bishop and Jacob E. Whisler and Abel Welsh,
for $1,975.60 and costs taxed at twenty-five dollars, without re-
lief from valuation, appraisement and stay laws of said State,
which judgment was so recovered on a complaint founded on

a certain writing obligatory executed by said Ira Bishop, Jacob E. Whisler and Abel Welsh to the State of Indiana, on the 26th of July, 1867, conditioned for the faithful discharge according to law, by said Ira Bishop, of his duties as administrator of the estate of one William Bishop, deceased; that on the 1st of August, 1877, said Ira Bishop was the owner of certain lands in said county of Howard, described as follows: The southwest quarter of section number two, in township number twenty-two north, of range number two east, containing one hundred and sixty acres, more or less; that on the day last aforesaid, being such owner, said Ira Bishop and his co-defendant Margaret Bishop, who was and still is his wife, conveyed said tract of land by a general warranty deed to a brother of said Margaret, one Patrick McCann, who afterwards, on the same day, by a like deed, conveyed the whole of said land back to said defendant Bishop; that, at the time of the execution of said conveyances, said Ira was indebted to the heirs and creditors of the estate of said decedent in the identical sum of money for which said judgment was subsequently recovered, as aforesaid, and which he had before that time converted to his own use, and also in other large sums, amounting, in all, to over five thousand dollars; that said deeds were executed as aforesaid while said suit in which said judgment was so recovered was pending in said Hamilton Circuit Court against said Ira Bishop, Jacob E. Whisler and Abel Welsh, with the fraudulent intent to hinder, delay and defraud the relator and the other creditors of said Ira out of their said debts; that said Margaret united in making said conveyance to said McCann, and received said deed back from said McCann, for the purpose of aiding said Ira in accomplishing said fraudulent purpose; that neither said McCann nor said Margaret paid any consideration whatever for said land, but, on the contrary, received said deeds respectively for the fraudulent purpose aforesaid; that at the time of the execution of said conveyances, said Ira did not have, nor has he at any time since had, sufficient other prop-

erty, subject to execution, remaining, to pay his debts; that, for more than twenty years last past, said Ira has been in the possession of said lands, and using them for a home for himself and family, and claiming them for his own; that neither said Jacob E. Whisler nor said Abel Welsh, at the time last aforesaid or at any time since, has had sufficient property subject to execution to pay said judgment and costs or any considerable part thereof. The plaintiff, for the use of said relator and the other creditors of said estate and of said Ira, demanded judgment against said defendants, that said conveyances should be set aside and decreed void, and that said land might be decreed to be sold to satisfy said judgment and other proper relief.

By changes of venue, the cause went to the Madison Circuit Court.

The appellants severally demurred to the complaint for alleged want of statement of sufficient facts. The demurrers were overruled, and these rulings are assigned as errors.

It is said that the complaint does not allege that McCann had knowledge of the fraudulent intent of Ira Bishop, and it is claimed that, to affect the title of McCann, such an averment was necessary, notwithstanding the allegation that the conveyance to him was made without consideration; and that, if McCann's title was good, that of his grantee must be good.

If the complaint could be construed as suggested by the appellants, the objection made could not be sustained. Where it is shown that the grantee in a conveyance made with intent to defraud creditors of the grantor was a volunteer, it is not necessary to the subjecting of the property to the demands of such creditors, that it be shown that the grantee had notice of the fraudulent intent. In connection with *Spaulding* v. *Myers,* 64 Ind. 264, cited by appellants, *Spaulding* v. *Blythe,* 73 Ind. 93, should be read.

No other ground of objection to the complaint is suggested. It was sufficient.

The appellants jointly answered by a general denial; and

the appellant Margaret filed what is therein denominated her separate answer, alleging, in substance, that, in October, 1844, she furnished her co-defendant, Ira Bishop, money with which to purchase for her own use and in her own name an eighty-acre tract of land in the territory that now constitutes Howard county, in this State, which money was her absolute property; that she never gave it to him as his own, nor authorized him to purchase land with it in his own name; that he did purchase with said money certain land described, being the east one-half of that described in the complaint; that, without license from her or her knowledge or consent, he took the title to said land in his own name; that afterwards, in 1852, she bartered and traded an interest which she had in certain land in Rush county, in this State, which she had inherited from her parents, for other land described, being the west one-half of that described in the complaint; that said Ira Bishop received a deed for the last mentioned tract of land in his own name, without her license, consent or knowledge; that she never consented or proposed to give him said tract of land, or authorized him to receive a conveyance therefor in his own name; that she made repeated efforts to procure from said Ira a deed of conveyance for said tracts of land; and that on, etc., without fraudulent intent or purpose, she, with said Ira, joined in a deed of conveyance to one Patrick McCann, of said two tracts of land, in trust for her use, and said McCann, in discharge of his trust, conveyed said two tracts to her, for the sole purpose of investing her with title to the real estate which was of right her own, and which she bought with her own money and property. She demanded judgment for her costs, and that her title to the land described in the complaint be perpetually quieted.

To this separate pleading of Margaret Bishop, the appellee filed a general denial.

A trial by jury resulted in a verdict for the appellee against the appellants as to the east eighty acres of the land described

in the complaint, and for the appellant Margaret as to the west eighty acres.

A motion for a new trial was made by the appellants, which was overruled at the next term, and judgment was then rendered, whereby it was adjudged that said east one-half of said land was liable to sale on execution, under the judgment mentioned in the complaint.

The overruling of the motion for a new trial is assigned as error.

The question of the sufficiency of the evidence to sustain the verdict was presented by the motion in different forms.

Among the causes stated in the motion were alleged errors in the giving of the sixth, seventh and eighth instructions to the jury.

Refusals to permit the introduction of evidence offered by the appellants were assigned as other causes.

There were other grounds alleged in the motion, the statement of which would lengthen our opinion unnecessarily, as they do not seem to need discussion.

We have carefully examined the evidence. It does not appear that it was proved upon the trial that, at the time of the commencement of this suit, the appellant Ira Bishop had not sufficient other property to pay his debts.

That a conveyance may be complained of by creditors of the grantor, and adjudged void at their suit, on the ground that it was made with intent to hinder, delay or defraud such creditors, they must be injured by it by reason of the fact that if it be allowed to stand, it withdraws the means of payment from their reach. It is only where the conveyance is thus injurious, that creditors can be heard to say that there was a fraudulent intent.

The question of fraudulent intent, under our statute, is always one of fact, and the conveyance can not be adjudged fraudulent as against creditors, solely on the ground that it was not founded on a valuable consideration.

Proof of a conveyance of property by a debtor, without a

valuable consideration does not raise a presumption of fraud, and throw the burden upon the voluntary grantee of proving the grantor's solvency, but the complaining creditor must prove injury resulting from the conveyance. It is not constructive fraud, but actual fraud that is complained of, and the burden does not shift.

It must not only be shown that the want of sufficient other property, subject to execution, out of which the plaintiff's claim could be satisfied, existed at the time of the conveyance of the property in dispute, but there must also be evidence that it continued to exist at the commencement of the action. *Ewing* v. *Patterson*, 35 Ind. 326 ; *Pence* v. *Croan*, 51 Ind. 336 ; *Sherman* v. *Hogland*, 54 Ind. 578 ; *Eagan* v. *Downing*, 55 Ind. 65 ; *Evans* v. *Hamilton*, 56 Ind. 34 ; *Bruker* v. *Kelsey*, 72 Ind. 51 ; *Lee* v. *Lee*, 77 Ind. 251 ; *Wooters* v. *Osborn*, 77 Ind. 513.

The sixth instruction was as follows :

"The defendant Margaret Bishop files an answer, alleging that she was the owner of one eighty of the land in controversy ; that her mother furnished her husband Ira Bishop the money to buy or enter the same for her ; that Ira did enter it with her money, and, without her knowledge, or consent, took the title in his own name, and held it in trust for her, until August, 1877, when the deeds were made by which the legal title became vested in her. This the relator denies, and upon this paragraph of answer the burden shifts, and Margaret Bishop must prove its truth by a fair preponderance of the testimony. If the jury should believe from the evidence, that the money of Margaret Bishop purchased the eighty acres of land entered by Ira Bishop, and he, Ira, took the title in his own name, without her knowledge or consent, still, in a short time after the deed was so taken in Ira's name, she learned the fact, and took no steps to recover the title, but suffered the title to remain in her husband for a period of twenty years after she knew the title was in him, and, on the faith of his being the owner of the land, Ira obtained credit and did business, and Margaret knew the fact, she would be estopped to

set up her title, and upon the answer you should find for the relator."

It is urged by counsel, as an objection to this instruction, that it assumes the truth of facts which should be left to be found by the jury; that it assumes that, " in a short time after the deed was so taken in Ira's name, she learned the fact," etc.

We think that, viewing the instruction as a whole, the propositions commencing with the words last quoted must be regarded as hypothetical, and that the word " if " at the beginning of the sentence should be considered as extending to these propositions, or that word should be understood at the beginning of said last quoted words, where, for perspicuity, it should have been again written. Upon such construction, this objection to the instruction is not well founded.

The instruction is, however, otherwise objectionable. The pleading of Margaret Bishop, therein referred to, was treated throughout the case, by all the parties and by the court, as an answer, and not as a pleading seeking affirmative relief. In the pleading itself, it is called an answer alone. No pleading in response to it was sought from the co-defendant, and none was filed. The responsive pleading filed by the plaintiff was therein denominated a reply. In this instruction, the attention of the jury was directed to it as an answer solely; and the judgment, while it subjected one portion of the land to the appellee's judgment, did not purport to quiet the title of said Margaret to the other portion. Therefore, if it were true, as claimed on behalf of the appellee, that its allegations were sufficient to constitute a cross complaint, it having been treated against her, as well as by herself, as an answer, it is proper that it should still be so treated in the consideration of her objection to the instruction.

If its allegations showed a sufficient defence, still they were all provable under the general denial, which was also pleaded; for they tended to negative the allegation of fraud. They constituted an argumentative and special denial of the fraud charged. *Summers* v. *Hoover*, 42 Ind. 153, 156. See, also,

*Wedekind* v. *Parsons*, 64 Ind. 290; *Parton* v. *Yates*, 41 Ind. 456; *Leonard* v. *Barnett*, 70 Ind. 367.

The burden of an issue made by a special denial is upon the plaintiff, as well as that of an issue formed by a general denial. The burden of all the issues in this case was upon the plaintiff; and it was error to charge the jury that, upon the separate answer of Margaret Bishop, the burden shifted from the plaintiff to her.

It is not necessary to determine whether the facts mentioned in the instruction could constitute a valid estoppel, or, if they could, whether under the pleadings an estoppel could be made available in favor of the appellee, if the facts were shown by the evidence, or whether the instruction in this regard was applicable to the evidence introduced. The court, upon a partial recital of the allegations of said separate answer, omitting its particular denial of the fraud charged, told the jury that upon this answer the burden was shifted from the plaintiff, and that she must prove the truth of the answer by a fair preponderance of the evidence. This was a confusing presentation of the case to the jury. The portion of the land as to which the jury found for the appellee was the portion specially mentioned in this instruction; and we can not say that the instruction did not confuse and mislead the jury.

The seventh instruction was as follows:

"And if you find the title to the east eighty had been in the defendant Ira Bishop continuously, from October, 1844, to August, 1877, during which time he claimed it as his own, paid the taxes accruing on it, and improved it, using it as a home, and that he only transferred the title to his wife after he had become deeply involved in debt, and that, too, without consideration, these are circumstances from which you may infer the deeds to that eighty are fraudulent as to his creditors."

If, as there was evidence tending to prove, the land in question was purchased by the husband with money given him by his wife's mother for the express purpose of purchas-

ing the land therewith for his wife, and, without the knowledge and consent of his wife, he took the legal title in his own name, he held the land in trust for his wife, and we think the facts recited in this instruction would not be sufficient to authorize the inference which the jury were allowed to draw therefrom. Notwithstanding those facts, it could not be fraudulent, as against his creditors, for her to demand and receive from him the legal title to her own property. *Tracy* v. *Kelley,* 52 Ind. 535; *Leonard* v. *Barnett,* 70 Ind. 367; *Brookville National Bank* v. *Kimble,* 76 Ind. 195.

The eighth instruction was as follows:

"If you find from the evidence that the father of the defendant Ira furnished him the money to buy the first eighty, or that it was purchased with money that he had earned himself, and that he afterward, in 1877, conveyed the same away, without consideration, to his brother-in-law, who, the same day, transferred to Ira's wife, without consideration, when he, said Ira, was largely involved in debt, not leaving sufficient other property to pay his then existing debts, and that the debt mentioned in the complaint in this cause was then and still is unpaid, and the defendant Ira has no other property out of which to pay his debts, your finding as to this eighty should be in favor of the plaintiff."

There was an interval of more than two years between the execution of the conveyances alleged to be fraudulent and the commencement of this action, and trial was had more than a year and a half later. The jury should have been required to find that the necessity for resort to this property existed at the commencement of the action. We have discussed this question above, at perhaps greater length than was needed, considering the settled condition of the authorities, some of which we have cited.

The offered evidence rejected by the court can not be examined. The motion for a new trial, in which these rulings were assigned as causes, was overruled at the next term after that at which it was filed. When the motion was overruled,

time was given in which to file a bill of exceptions. A bill containing the evidence, and setting forth exceptions to rulings excluding evidence, was filed on the 16th of August, 1881, within the time so given. Under the construction given by this court to the statutory provision on this subject before its modification by the civil code of 1881, these exceptions could not be saved by this bill. *Backus* v. *Gallentine*, 76 Ind. 367.

The judgment should be reversed.

PER CURIAM.—Upon the foregoing opinion, the judgment is reversed, and the cause is remanded, with instructions to grant a new trial.