BENTLEY ET UX. *v.* DUNKLE.

FRAUD.—*Fraudulent Conveyance.—Action to Set Aside.—Pleading.—Husband and Wife.*—In an action against a judgment debtor and his wife by the judgment creditor, to subject to execution certain real estate conveyed to her, the complaint alleged that such judgment had been rendered for the value of certain personal property furnished to the defendants for their use in a certain business carried on by them jointly, that such realty had been paid for chiefly out of the means of the husband and the joint earnings of himself and wife, that they had conspired together to cheat, hinder and delay the plaintiff in the collection of his judgment, and that the husband had no property subject to execution.

*Held,* that the complaint is insufficient for want of an allegation that such indebtedness existed at the time such payment on the realty was made by the husband.

*Held,* also, that it is insufficient for the want of the further allegation that such payment had been made by the husband with intent to defraud.

*Held,* also, that it is insufficient for want of the further allegation that, at the time such payment was made, the husband had not sufficient property remaining to pay all his debts.

From the Cass Circuit Court.

*F. S. Crockett* and *M. Winfield,* for appellants.

*McConnell & Nelson,* for appellee.

NIBLACK, J.—This case comes to us on certain questions of law, which arose during its progress in the court below, and which were reserved for the decision of this court under sections 347 and 348, 2 R. S. 1876, p. 177.

The first question, considered in its natural order, arises on the sufficiency of the complaint, which is, in substance, as follows:

Peter Dunkle, plaintiff in this suit, complains of David E. Bentley and Rosa C. Bentley, his wife, defendants, and shows to the court that the defendants are husband and wife, married prior to the year A. D. 1867, but where the plaintiff can not say; that, on the 15th day of May, 1867, the defendant Rosa C. Bentley purchased of one Edward N. Talbott the following described real estate in Cass county, Indiana, to wit: The east half of the west half

of lot number eight (8), of the addition to the town of Logansport laid out by the administrators of the estate of John Tipton, deceased, for the consideration of one thousand eight hundred dollars, of which amount the defendant Rosa C. Bentley paid four hundred and twenty-six dollars in cash, and gave, with her husband, the code-fendant, two notes of seven hundred dollars and six hundred and twenty-six dollars respectively for the balance, payable on August 11th, 1867, and June 11th, 1868; that, since said purchase, the defendants have resided together on said property as husband and wife, carrying on and operating a large boarding-house, the said David E. Bentley being employed ever since that time as an engine-driver on a railroad, receiving therefor at least the sum of one hundred dollars per month; that the said defendants have since paid for said property in full, and that the last payment was made in the sum of three hundred dollars on the 20th day of June, 1870; that, with the exception of said four hundred and twenty-six dollars, the entire payment of said realty has been made from the earnings of said boarding-house and defendant David E. Bentley's wages as such engine-driver; that, since said purchase, the defendants have made improvements on said property to the value of at least five hundred dollars, and paid for the same out of the earnings of said boarding-house and of the wages so received as an engine-driver; that during the years 1869 and 1870 the plaintiff, being a grocer, furnished said defendants with large amounts of groceries and provisions, on credit, to carry on said boarding-house; that afterward, to wit, on the 10th day of December, 1870, the plaintiff recovered a judgment against the defendant David E. Bentley for the sum of one hundred and forty-three dollars and forty-two cents and costs, for balance due plaintiff from said defendants for such groceries and provisions; that afterward the plaintiff caused an execution to issue against the defendant, which was returned " no property found whereon to levy " by

the constable in whose hands said execution was placed; that afterward the plaintiff caused a transcript of said judgment to be made out by John C. McGregor, the justice of the peace before whom said judgment was rendered, duly certified according to law, and filed the same in the office of the clerk of the common pleas court of said Cass county; and the plaintiff avers, that said defendant David E. Bentley is the equitable owner of the undivided one-half of said real estate, and that the defendants have conspired together to cheat, hinder and delay this plaintiff; and that the defendant David E. Bentley has no real or personal property subject to execution. Wherefore the plaintiff prays the court, that the defendants be compelled to state their respective payments on and for said property, and if it shall be found, on a hearing of said cause, that said real estate has in part been paid for by the joint earnings of said defendants, that the amount so paid for be declared to be the property of said David E. Bentley, and subject to the payment of the plaintiff's judgment, and that a decree ordering the sale of his said interest may be rendered against the defendants, and that the same be sold to pay the plaintiff's judgment, with costs, and for other proper relief.

To this complaint the defendants demurred, but the court overruled their demurrer, to which they excepted.

It is objected, that the complaint is defective in not averring that David E. Bentley was indebted to the plaintiff at the time he made the alleged payments on the real estate purchased by his wife.

We think that objection is well taken. Unless the plaintiff was, at the time of these payments, a creditor of David E. Bentley, he was not in a condition to be injured by such payments, according to the facts as otherwise alleged in the complaint. It was competent for said Bentley to make such provision for his wife as he chose, unless existing creditors were thereby injured or defrauded.

Bentley *et ux. v.* Dunkle.

It is true, that certain transactions are held to be fraudulent as to subsequent creditors, but it is not claimed that this case involves a transaction of that class.

It is also true, that the complaint alleges facts from which we might reasonably infer that David E. Bentley was indebted to the plaintiff from time to time, during the years 1869 and 1870, but there is no averment of indebtedness at any particular time, or in any specific amount, until the time of the rendition of the judgment in December, 1870, which was nearly six months after the last payment complained of was made. It does not follow, that because there was an indebtedness when the judgment was rendered, there was an indebtedness at any particular previous time.

The complaint does not, therefore, show with sufficient certainty, that the plaintiff was a creditor when any of the payments were made by David E. Bentley on his wife's property, and is hence open to objection for that reason.

The complaint does not aver that David E. Bentley made the alleged payments on his wife's real estate, with the fraudulent intent of cheating, hindering or delaying the plaintiff. We think it is also defective for the want of this or some equivalent averment.

We are also of the opinion, that the complaint is insufficient in not showing that, at the time he made the payments complained of, the said David E. Bentley did not have sufficient property remaining, subject to execution, to pay all his debts. If he had sufficient property so remaining, then the plaintiff, in legal contemplation, was not injured and had no cause to complain. The allegation that the said David E. Bentley, more than six months after the last payment, did not have any property subject to execution, does not supply the omission. He may have had sufficient property when the payments were made, but lost it in the meantime. *Sherman* v. *Hogland,* 54 Ind. 578; *Evans* v. *Hamilton,* 56 Ind. 34.

We are therefore led to the conclusion, that the court below erred in overruling the demurrer to the complaint.

The other questions reserved arose on the trial of the cause, and, as they may not again arise on a subsequent trial, we will not consider them now.

The judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings, in accordance with this opinion.