Filed May 8, 1889.

No. 12,661.

## SELL *v.* BAILEY ET AL.

FRAUDULENT CONVEYANCE.—*Complaint to Set Aside.—Averment as to Debtor's Insolvency.*—A complaint to set aside a conveyance as fraudulent as against creditors is bad if it fails to aver that the debtor, after the conveyance, had not sufficient property left to pay his debts.

From the Kosciusko Circuit Court.

*J. S. Frazer* and *W. D. Frazer,* for appellant.

*L. H. Haymond,* *L. W. Royse* and *R. B. Encell,* for appellees.

ELLIOTT, C. J.—The appellant's complaint assails a conveyance made by Allen L. Bailey, on the ground that it was fraudulent as against creditors. Counsel for the appellant

say : " The only infirmity attributed to the complaint be-
low, and the only one anticipated here, is that it is not averred
that Bailey, after the conveyance, had not sufficient property
remaining to pay his debts.   To meet this objection success-
fully, we must, of course, ask this court to overrule some of
its own decisions, and this we do with the utmost confidence.
The cases to which we refer are : *Pence* v. *Croan*, 51 Ind.
336 ; *Sherman* v. *Hogland*, 54 Ind. 578 ; *Evans* v. *Hamilton*,
56 Ind. 34 ; *Bentley* v. *Dunkle*, 57 Ind. 374 ; *Romine* v. *Ro-
mine*, 59 Ind. 346 ; *Deutsch* v. *Korsmeier*, 59 Ind. 373 ; *Price*
v. *Sanders*, 60 Ind. 310 ; *Whitesel* v. *Hiney*, 62 Ind. 168 ;
*Spaulding* v. *Myers*, 64 Ind. 264 ; *Noble* v. *Hines*, 72 Ind. 12 ;
*Bruker* v. *Kelsey*, 72 Ind. 51.   This is a formidable array of
cases to be questioned in the court which decided them."
Formidable as the cases arrayed by counsel are, a great many
more must be added to them to complete the list.   As early
as the case of *Law* v. *Smith*, 4 Ind. 56, the rule was de-
clared, and has since been steadily maintained.   In *Phelps* v.
*Smith*, 116 Ind. 387, we collected many cases, among them
some of those cited by appellant, and we said : " The prin-
ciple which our cases assert and in various phases apply is
substantially that asserted in *Rice* v. *Perry*, 61 Me. 145,
where it was said : ' A fraudulent purpose is an important
element in the case, but it is not the only one ; there must
be superadded to it in addition to the sale, actual fraud,
hindrance, or delay resulting therefrom to the creditors. The
sale will be upheld unless the fraudulent purpose is actually
accomplished.   Thus, if, notwithstanding the sale, White-
house & Goodwin retained * * sufficient to pay the debt of
Wattson & Clark, and equally open, known, and accessible
to them with that sold, the sale would not be void, whatever
may have been the secret purpose of the parties to it.   The
reason for considering the sale void in this class of cases is that
creditors are damaged thereby ; and when the reason is want-
ing the rule itself becomes inapplicable.' There is, as our cases
have always affirmed, no reason for stigmatizing a convey-

ance as fraudulent when the grantor has, at the time it is made, abundant property subject to execution out of which all his debts could be collected. Suppose, for illustration, a man to have ten thousand dollars worth of property, and to be in debt no more than five hundred dollars, and that he should make a gift to his wife of five thousand dollars. Could it be said with justice that he was guilty of fraud?" Mr. Wait, in discussing the character of the complaint, says: "This is a rule of pleading as well as of evidence. Hence a bill which contained no allegation that the debtor, at the time of the alienation, was insolvent or embarrassed, was held bad, for it is only when an inadequate amount of property remains that creditors have the legal right to complain." Wait Fraudulent Conveyances, section 143.

We adhere to our decisions, not only upon the principle of *stare decisis,* but also for the reason that they justly express the law.

Judgment affirmed.

Filed May 8, 1889.