Hartlepp *et al.* *v.* Whitely, Fasler and Kelly Company *et al.*

Filed May 12, 1892.

No. 15,083.

HARTLEPP ET AL. *v.* WHITELY, FASLER AND KELLY COMPANY ET AL.

FRAUDULENT CONVEYANCE.—*Special Finding.*—*Silence of as to Other Property.*
—Where, in a suit to set aside an alleged fraudulent conveyance of land, the special finding of facts failed to disclose that the grantor had no property other than the said land out of which the debt sued for might be made either at the time of the conveyance or from that time to the time suit was brought, a judgment setting aside the conveyance was erroneous. The finding being silent upon these material facts, it stands as if such facts were not proven.

SPECIAL FINDING.—*Can not be Amended After Judgment.*—A special finding can not be amended and defects in the same supplied on motion of one of the parties to a suit after the rendition of the judgment.

From the Tippecanoe Circuit Court.

*I. E. Schoonover,* for appellants.

*J. McCabe* and *E. F. McCabe,* for appellees.

OLDS, J.—The complaint by the appellees, in this action, was to set aside a conveyance of the real estate described therein, alleged to have been fraudulently made to appellants by one Kasper Hartlepp, who was a co-defendant in the court below.

The cause was tried by the court without a jury, and the court, at the request of the appellants, made a special finding of facts, and stated conclusions of law thereon.

The appellant excepted to the conclusions of law as stated by the court. The appellants also moved the court for a judgment in their favor on the special finding of facts, which was overruled, exceptions reserved by appellants and judgment rendered for the appellees.

There was an entire omission to find any facts showing that Kasper Hartlepp, the appellants' grantor, had no property other than the land out of which the debt sued for might have been made, either at the time of the conveyance or from that time up to the time suit was brought. For aught that appears from the finding, the grantor may have had an abundance of other property out of which the debt might have been made at the time of the conveyance, and from thenceforward up to and at the time suit was brought. The finding of facts was fatally defective, and the court erred in its conclusions of law; also, in overruling appellants' motion for judgment on the finding. The finding being silent upon these material facts, it stands as if such facts were not proven, and upon failure to prove such facts, appellant was entitled to a judgment. *Brumbaugh* v. *Richcreek*, 127 Ind. 240, and authorities there cited.

The court sought to remedy the defect in the finding. Some days after the rendition of the judgment the appellees, the plaintiffs below, appeared in court and moved the court to amend the special finding " by finding whether or not said defendant Kasper Hartlepp had any property subject to execution other than the lands described in the complaint from the time of said conveyances to the time of beginning of this action." The court sustained the motion and made a finding that Hartlepp had no property other than the land subject to execution at the time of the conveyance, nor at any time thereafter up to the commencement of this action, and stated that such finding was made from the evidence, and ordered that it be entered of the day of the trial, and that it should have the same effect as if made at the day of the trial along with the other findings. This latter action of the court

was clearly of no effect. The court can not amend and supply defects in a special finding on motion of one of the parties to a suit after the rendition of the judgment, even if it could do so before judgment. In the case of *Clark* v. *State, ex rel.,* 125 Ind. 1, this court held that the court had no power to alter or change its special findings after it had been returned and entered of record, and the same doctrine has been held in previous decisions of this court. *Wray* v. *Hill,* 85 Ind. 546 ; *Levy* v. *Chittenden,* 120 Ind. 37.

In the opinion of the court justice will be best subserved by the granting of a new trial.

Judgment reversed at costs of appellees, with instructions to the court below to set aside the judgment and grant a new trial.

Filed Oct. 7, 1891.

## SUPPLEMENTAL OPINION.

OLDS, J.—In the original opinion we only made a statement showing the controverted question presented for decision, and it should have been more explicit. The appellees, Whitely, Fasler & Kelly, and James McCabe, joined in the action as plaintiffs, alleging and showing that Whitely, Fasler & Kelly had a judgment against Kasper Hartlepp which was unsatisfied, and that McCabe held a note executed by said Kasper Hartlepp to him for $145, due September 1st, 1885, with eight per cent. interest, and attorney fees, and alleging facts showing a fraudulent conveyance and transfer by Kasper Hartlepp of his real estate, and asking judgment in favor of McCabe on his note, and to have the fraudulent conveyance set aside and the land subjected to the payment of the Whitely, Fasler & Kelly judgment and the judgment of McCabe.

The facts found show McCabe entitled to his judgment, and judgment was rendered in his favor. The personal judgment in favor of McCabe was authorized by the find-

ings of fact and should not be set aside, but the judgment setting aside the conveyance by Kasper Hartlepp to James Hartlepp should be set aside.

The mandate of the original opinion is, therefore, hereby modified, and the personal judgment in favor of James Mc-Cabe is affirmed, and the judgment setting aside the conveyance is reversed, at costs of appellees, and the court ordered to grant a new trial.

Filed May 12, 1892.