Winstandley v. Stipp, Guardian.

Filed Nov. 4, 1892.

---

No. 15,899.

WINSTANDLEY v. STIPP, GUARDIAN.

FRAUDULENT CONVEYANCE.—*Pleading.* — *Necessary Averment.* — A cross-complaint based upon the theory that a conveyance is fraudulent, is bad if it does not aver that, at the time it was executed, the grantor had no other property subject to execution.

ADVERSE POSSESSION.—*Officer.*— *Writ of Attachment.*—*Conveyance by Grantor*

*Out of Possession.*—The possession of an officer of the law under a writ of attachment is not adverse possession in the true sense of the term so as to avoid a conveyance made by a grantor out of possession.

From the Lawrence Circuit Court.

*J. H. Willard,* for appellant.

ELLIOTT, J.—The appellee brought this suit to secure the partition of lands, acting upon the theory that they were owned by his wards and the defendants, Rachel Adams and Robert N. Palmers, as tenants in common. The controversy in the case is between Winstandley, Robert N. Palmer, George W. Adams and Nannie S. Adams. The argument of counsel is addressed to the rulings on the demurrers directed to the cross-complaint of Winstandley, so that we are not required to notice the specifications in the assignment of errors based upon other rulings.

It is alleged in the first and second paragraphs of Winstandley's cross-complaint that he brought an action in the Lawrence Circuit Court against George W. Adams, who was at the time the owner of an undivided one-third of the land; that an attachment was duly issued and levied upon the interest of Adams; that prior to the rendition of the judgment in the action Adams fraudulently conveyed the property to Robert N. Palmer, and that at the time the conveyance was executed the land was in the possession of the sheriff under the writ of attachment.

The cross-complaint can not be sustained upon the theory that the conveyance was fraudulent. This is so for the reason, among others, that it does not aver that at the time it was executed the grantor had no other property subject to execution. It is established law that a party who assails a conveyance as fraudulent must aver that the grantor had no other property subject to execution at the time the execution was issued as well as at the time the conveyance was executed. *Sell* v. *Bailey,* 119 Ind. 51, and cases cited;

*Hartlepp* v. *Whiteley,* 129 Ind. 576 ; *Shew* v. *Hews,* 126 Ind. 474.

We are not required to decide whether the pleading can be sustained upon the ground that Winstandley had such an interest by virtue of his attachment as would defeat the appellee, for no such claim is made.   The only grounds upon which the appellant seeks to sustain the cross-complaint are that the conveyance was fraudulent, and that the conveyance is void because made by a grantor out of possession.   One of these grounds we have already considered and disposed of, and the other we now dispose of by adjudging that the rule, conceding it to be the same as at common law, does not apply to a case where possession is held by an officer under a statutory writ of attachment issued at the suit of a creditor to enforce a debt due from the grantor.   The possession of an officer of the law under such a writ is not adverse in the true sense of the term.   We have not considered the effect of the statute, although it properly exerts an important influence upon the question.   Section 1073, R. S. 1881.

Judgment affirmed.

