MARGARET KAIN, as Administratrix of DAVID KAIN, Deceased, Appellant, v. PATRICK LARKIN and Another, Respondents.

66   209
141a  144

*Fraudulent conveyances — the complaint must allege that the property left was insufficient to pay the debt.*

In an action brought by Margaret Kain, as administratrix of David Kain, to set aside a conveyance by Patrick Larkin to Maria Larkin, as made with intent to hinder, delay and defraud the administratrix, as a creditor of Patrick Larkin, the complaint alleged such intent and a failure of consideration, and set up certain other transfers which were charged to have been fraudulent.

Upon a former appeal in the case, on which a new trial was granted, the Court of Appeals held, that in order to establish a cause of action the plaintiff must not only show what this complaint alleged, but, further, that the transfers complained of left Patrick Larkin insolvent and without ample property to pay his existing debts.

Upon the new trial the plaintiff offered to show these further facts, although the complaint had not been amended. The offer was excluded and the complaint was dismissed.

Upon an appeal by the plaintiff from the judgment dismissing the complaint:

*Held,* that the ruling was correct.

That these additional facts should have been alleged, and could not be shown under the complaint as drawn.

That it was not enough to allege that the transfers were made with a fraudulent intent, but that the plaintiff must further allege that she was hindered, delayed and defrauded, for the reason that the transfers left the debtor insolvent and without sufficient property to pay his debts in full.

That a mere fraudulent intent, not accomplishing the fraudulent purpose, would not create a cause of action, under the statute, relative to fraudulent conveyances.

Appeal by the plaintiff Margaret Kain, as administratrix of the estate of David Kain, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Ulster on the 3d day of May, 1892, dismissing the complaint after a trial at the Ulster Circuit before the court and a jury; and also from an order of said court, entered in said clerk's office on the 18th day of April, 1892, denying a motion to set aside the direction dismissing the complaint and to grant a new trial upon the minutes.

The facts in the case were as follows:

In November, 1886, Patrick Larkin, then a police officer of Kingston, killed David Kain. His administratrix, Margaret Kain, brought

an action January 6, 1887, against him for damages. At that time Larkin had money in a savings bank and owned real estate. On January 7, 1887, he drew his money from the savings bank and redeposited it in the name of his wife, who has since died. On January 12, 1887, he mortgaged his real estate to his brother Michael for $3,000. The first trial of the action resulted in a judgment in favor of the defendant. An appeal was taken by the plaintiff, pending which, and on May 1, 1889, Patrick Larkin quit-claimed · his real estate to his infant daughter Maria. On May 27, 1889, Michael Larkin satisfied the $3,000 mortgage on these premises. The consideration of the deed to the daughter was one dollar, natural love and affection. In February, 1890, a new trial was granted, was had, and the plaintiff, in October, 1890, recovered judgment for $800. Execution was returned unsatisfied. Larkins was, in 1887, convicted of homicide, was sentenced, remained in prison a year and was pardoned.

In February, 1891, this present action was begun to set aside the deed from Patrick Larkin to his daughter on the ground that it was executed to delay creditors.

The complaint alleged the recovery of the judgment on a cause of action which accrued November 21, 1886; that Patrick Larkin then owned the deposit and the real estate ; that he drew the money and redeposited it as stated above, executed the mortgage and conveyed the real estate as stated ; that these " conveyances and transfer of said real estate as aforesaid were made to cover up and conceal the right and title of the defendant Patrick Larkin thereto, and, in fact, without any adequate consideration therefor, with the intent to hinder, delay and defraud this plaintiff of her just suit, damages and claim against the said Patrick Larkin ; " and that the deed was executed for the expressed consideration, and also for the further oral consideration that Maria Larkin should support Patrick during his old age.

"*Eighth.* That said transfer of said real estate by Patrick Larkin to his said daughter, Maria E. Larkin, and the considerations therefor are fraudulent and void as to this plaintiff, and the same were made and had by the said parties thereto with the intent to hinder, delay and defraud this plaintiff of her just suit, demand, damages and claim against said Patrick Larkin, and to protect and save for

his own use and benefit his said real estate during his life, and thereafter for the sole use and benefit of his said daughter and only heir, and to prevent and hinder this plaintiff from collecting and receiving from the proceeds of any sale of said property on execution, or otherwise, the amount due her on her said judgment from said Patrick Larkin."

The answer denied fraud, and alleged the existence of a valid and sufficient consideration.

*G. R. Adams*, for the appellant.

*F. A. Westbrook*, for the respondent.

PUTNAM, J.:

The Court of Appeals has determined in this case (131 N. Y., 300), that to establish her cause of action on the trial, plaintiff must not only show want of consideration for the transfers of real and personal property assailed in the complaint, but that such transfers left the judgment-debtor insolvent, and without ample property to pay his existing debts and liabilities; and that the fact that an execution was returned unsatisfied eighteen months after the conveyances in question, does not show that, at the time thereof, the debtor did not have property enough to pay his debts.

The plaintiff insists that under a complaint alleging that the transfers in question were made without consideration, and with intent to hinder, delay and defraud creditors, she could properly show the facts which the appellate court has held necessary to establish her cause of action on the trial. That the allegation that the conveyances in question were made with a fraudulent intent, must be deemed to impliedly allege all that is necessary to show such intent, viz.: That the grantor did not retain sufficient other property to pay his debts. That it was only necessary, in the complaint, to allege the ultimate fact which constitutes the cause of action — that is, the fraudulent intent. That the action being statutory, it is sufficient to allege the cause of action in the words of the act.

The trial judge, however, held that it was necessary to allege in the complaint what the Court of Appeals has determined must be established on the trial, that the transfers in question left the defendant without other property.

I agree with the position of the appellant, that in an action given by a statute it is ordinarily sufficient, in the complaint, in alleging the cause of action to follow the words of the act. (*Rochester Ry. Co.* v. *Robinson*, 133 N. Y., 242.) But I think the plaintiff, in his pleading, fails to follow the words of the act.

The statute (2 R. S., 137, § 1) provides "that every conveyance * * * made with the intent to hinder, delay or defraud creditors * * * *as against the persons so hindered, delayed or defrauded* shall be void." It will be seen that a conveyance made with a fraudulent intent is only void as against one hindered, delayed or defrauded. In other words against one damaged. In the opinion delivered in the Court of Appeals, when this case was before it (p. 307), this language was used: "If the grantor remains solvent after the conveyance, and has sufficient property left to satisfy all his just debts, then the conveyance, whatever his intention was, cannot be a fraud upon his existing creditors." In other words there may be a fraudulent intent in making a conveyance not fraudulent as to creditors, because the debtor retains sufficient property to pay his debts. In the same opinion the court further says (p. 307): "The person assailing the deed assumes the burden of showing that it was executed in bad faith, and that it left the grantor insolvent and without ample property to pay his existing debts and liabilities." This means he must show both facts, the bad faith, the fraudulent intent and also that the transfer assailed left the debtor insolvent.

It will thus be seen by the language of the statute, and by the extracts quoted from the opinion delivered by the Court of Appeals, that the cause of action in such a case is not only the fraudulent intent, but also the injury, the damage, the hindering and defrauding, resulting from such fraudulent intent. It follows, I think, that the plaintiff, in stating her cause of action, should not only have alleged the making of the transfers in question without consideration, and with intent to hinder, delay and defraud his creditors, but should also have alleged that she was hindered and defrauded for the reason that such transfers left the debtor insolvent and without sufficient property to pay his debts in full. The statute says a transfer made with a fraudulent intent shall be void as against one defrauded. Therefore, there must be an unlawful intent and fraud,

in fact, on account of which plaintiff has been defrauded. This fraud, in fact, it was necessary for plaintiff to allege in order to properly state her cause of action given by the statute. As stated in *Ross* v. *Perry* (61 Me., 150): "A fraudulent purpose is an important element in the case, but it is not the only one; there must be superadded to it, in addition to the sale, actual fraud, hindrance or delay resulting therefrom to the creditors. The sale will be upheld unless the fraudulent purpose is actually accomplished. Thus if, notwithstanding the sale, W. and G. retained and held * * * other personal property sufficient to pay the debt * * * the sale would not be void whatever might have been the secret purposes of the parties to it. The reason for considering the sale void in this class of cases is that creditors are damaged thereby, and when the reason is wanting the rule itself becomes inapplicable." To the same effect see *Sell* v. *Bailey et al.* (119 Ind., 51).

The Court of Appeals, when this case was before it, did not pass directly upon the question of the sufficiency of the complaint. But there is language in the opinion delivered by that court indicating an opinion that the complaint should have contained an allegation showing that the transfers assailed by the plaintiff in this action left the defendant without other property and insolvent. Thus Judge EARL says: "There was no allegation in the complaint that the money deposited in the savings bank, and the real estate conveyed by the judgment-debtor to his daughter, constituted substantially all the property he had, or that he was insolvent at the time of the conveyance, or that he was thereby rendered insolvent. And there was no allegation in the complaint that he owed any debts except the liability which he incurred by killing the plaintiff's intestate." Also: "Our opinion, therefore, is that, upon the allegations in the complaint, and the proofs upon the trial, and the findings of the trial judge, the plaintiff could not successfully assail this deed."

These quotations indicate that, in view of the learned judge who delivered the opinion of the Court of Appeals, an allegation in the complaint that the transfers assailed by the plaintiff as made with fraudulent intent, left the debtor without other property and owing other debts was necessary, or, at least, would have been proper. Such an allegation could hardly have been properly inserted in the complaint unless necessarily stated as part of the cause of action

In the opinion by Judge EARL the case of *Sherman* v. *Hoagland* (54 Ind., 578) is quoted from, cited and approved. In that case, which was like this, a creditor's bill, the court held : "After a very careful consideration of the whole subject, we have come to the conclusion that, both on principle and on authority, it is necessary to charge in the complaint and prove on the trial, that, at the time the conveyance complained of was made, the debtor did not have left enough of other property subject to execution to pay all his debts." (Page 584.)

It will thus be seen that, in the case of *Sherman* v. *Hoagland* (*supra*), the very question involved in this case was passed upon.

On the whole, I think, the trial court reached the correct conclusion, and that the judgment should be affirmed, with costs.

HERRICK, J., concurred ; MAYHAM, P. J., not acting.

Judgment affirmed, with costs.