16,870.

## NEVERS *v.* HACK ET AL.

FRAUDULENT CONVEYANCE.—*Complaint.*—*Recovery.*—*Necessary Allegations and Proof.*—In an action to set aside a fraudulent conveyance, it must be both alleged and proven, before the plaintiff can succeed, that at the time of the conveyance, and at the time the suit was brought, the debtor did not have enough property left, subject to execution, to pay his debts.

SAME.—*Insolvency at Time Suit is Brought to Set Aside Conveyance.*—*Relating Back.*—*Presumption.*—The fact that insolvency exists at the time suit is brought to set aside a fraudulent conveyance, does not raise the presumption that the insolvency existed prior to that time, and does not extend the insolvency back to the time the conveyance was made.

From the Lake Circuit Court.

*C. N. Morton*, for appellant.

McCABE, J.—The appellant, as a creditor of the appellee Angeline Hack, sued her and her co-appellees John M. Hack and Joseph L. Hack, to set aside an alleged fraudulent conveyance to each of the two latter, by said Angeline, and subject the real estate so conveyed to satisfy appellant's debt. Issues were formed, on which a trial resulted in a finding and judgment in favor of appellees that appellant take nothing by his suit, and for costs.

The action of the court in overruling appellant's motion for a new trial is assigned for error, and is the only error complained of here. The only grounds assigned therefor in the motion for a new trial are that the finding is not sustained by sufficient evidence, and is contrary to law.

It appears from the evidence, that the alleged fraudulent conveyances were made on the 7th day of October, 1891, and that appellant recovered a judgment against

Nevers *v.* Hack *et al.*

said Angeline, February 19, 1892, for $2,637.50, on two promissory notes for $1,200 each, executed by said Angeline with another, on March 1, 1890, each due one year after date.

An execution issued on said judgment March 17th, 1892, was returned June 3d, 1892, showing a sale of property of said Angeline, for $200, on said writ, and that the sheriff could find no other property, either real or personal, belonging to her and subject to execution. Of the money returned, $164.85, the balance of the $200 left after the payment of costs, was applied on the judgment. Another execution was issued July 14th, 1892, and was returned August 13th, 1892, by the sheriff, in which return he states that he demanded property of said Angeline, and she thereupon presented a schedule of her property and demanded that the same be set apart to her as exempt from levy and sale; that he caused the property to be appraised, showing its value to be $430, and the return then states "which schedule and appraisement are returned herewith and made a part hereof. I therefore return this writ not satisfied." This suit was begun on the 15th day of August, 1892.

There was no evidence to establish the insolvency of the appellee, Angeline, at any time, other than the two returns of the two executions already set forth. It is the settled law in this State, that it must be both alleged and proven, before an alleged fraudulent conveyance can be avoided, that at the time of the conveyance, and at the time the suit is brought, the debtor did not have enough property left, subject to execution, to pay his debts. *Pence* v. *Croan*, 51 Ind. 336; *Sherman* v. *Hogland*, 54 Ind. 578; *Evans* v. *Hamilton*, 56 Ind. 34; *Bentley* v. *Dunkle*, 57 Ind. 374; *Romine* v. *Romine*, 59 Ind. 346; *Deutsch* v. *Korsmeier*, 59 Ind. 373; *Price* v. *Sanders*, 60 Ind. 310; *Whitesel* v. *Hiney*, 62 Ind. 168; *Spaulding* v.

*Myers*, 64 Ind. 264; *Noble* v. *Hines*, 72 Ind. 12; *Bruker* v. *Kelsey*, 72 Ind. 51, and many other cases too numerous to cite.

Counsel for appellant concedes this to be the law in this State, but contends that if the insolvency of the debtor be established, or proven to exist, at the time the suit is brought to avoid the conveyance, that carries with it the presumption that such insolvency existed prior to that time, and extends back to the time when the conveyance was made, and cites in support of that proposition, *Lee* v. *Lee*, 77 Ind. 251.

That case, and perhaps some others, among which are *Bruker* v. *Kelsey*, *supra*, and cases there cited, hold that a return of an execution *nulla bona* shortly before the suit is brought may be sufficient *prima facie* to prove that the grantor did not have property, at the time the suit is brought, subject to execution, sufficient to pay his debts. But none of them holds that such return is sufficent to prove that he did not have such sufficient property at the time the conveyance was made.

In support of the contention that such return is sufficient, we are referred to *Strong* v. *Lawrence*, 58 Iowa, 55, and *Carlisle* v. *Rich*, 8 N. H. 44, both of which hold that "where it is found that a debtor is insolvent at the time the judgment is rendered, and is unable to respond to the amount recovered, his insolvency will be considered as extending back beyond a voluntary conveyance of his property made during his indebtedness, unless the contrary is shown."

This doctrine virtually puts the burden of proof upon the wrong party. It in effect amounts to saying to a party charged with a fraudulent conveyance, you must prove yourself innocent before the party preferring the charge is required to prove anything. The first case last above named further says: "The party who sets up a

voluntary conveyance in opposition to the claims of pre-existing creditors, is required to show that the means of the donor, independent of the property conveyed were abundantly ample to satisfy all his creditors.'' This doctrine prevails in some of the States but never has in this State.

This court was asked in *Sell* v. *Bailey*, 119 Ind. 51 to overrule all the Indiana cases, and adopt this doctrine. It was there said: ''The principle which our cases assert, and in various phases apply, is substantially that asserted in *Rice* v. *Perry*, 61 Me. 145, where it was said: ''A fraudulent purpose is an important element in the case, but it is not the only one; there must be superadded to it in addition to the sale, actual fraud, hinderance, or delay resulting therefrom to the creditors. * * * This is a rule of pleading as well as of evidence. Hence, a bill which contained no allegations that the debtor at the time of the alienation, was insolvent or embarrassed, was held bad, for it is only when an inadequate amount of property remains that creditors have the legal right to complain. * * * We adhere to our decisions, not only upon the principle of *stare decisis*, but also for the reason that they justly express the law.''

The case of *Hartlepp* v. *Whiteley*, 129 Ind. 576, was reversed because the special finding failed to state that the grantor had no other property than the land, either at the time of the conveyance or from that time to the time suit was brought. The same case is re-reported in 131 Ind. 543.

To the same effect are *Line* v. *State, ex rel.*, 131 Ind. 468; *Winstandley* v. *Stipp, Guar.*, 132 Ind. 548; *McConnell* v. *Citizens' State Bank, etc.*, 130 Ind. 127.

The precise point contended for by appellant, and on which his appeal depends, was ruled against him in

---

Nevers *v.* Hack *et al.*

---

*Petree* v. *Brotherton,* 133 Ind. 692, wherein, at page 694, it is said: "It is also averred that the plaintiff caused an execution to issue on his judgment to the sheriff, and the same was returned, 'no property found to satisfy the same or any part thereof.' * * * The statement that he did not have property subject to execution at the time the action was commenced, or at the time an execution was issued and returned, is not a sufficient compliance with the well established rule of pleading in such actions."

It is a general rule of evidence, that the *allegata et probata* must correspond; that is, the proof must at least be sufficiently extensive to cover all the essential allegations of the pleading. 1 Greenleaf Ev., section 51; *The Brig Sarah Ann,* 2 Sumn. 206.

Tested by this rule, the evidence in this case was not sufficient, and fell short of supporting the complaint. There was no conflict in the evidence, the appellees not having offered any, of any kind, on the trial. We are entirely without the aid of any brief on the part of the appellees. It is to be regretted that no rule of this court has ever been formulated by which the consequences of such serious dereliction of duty on the part of one securing the judgment of the trial court in his favor can be visited upon him in this court.

An appellee does this court and himself great injustice in throwing the burden on the court of hunting up the authorities that support the conclusions of the trial court, where the authorities afford such support.

There was no error in overruling the motion for a new trial.

The judgment is affirmed.

Filed June 6, 1894.