## STUCKWISCH ET AL. v. HOLMES.

[No. 4,257.   Filed October 7, 1902.]

FRAUDULENT CONVEYANCE.— *Complaint.*—*Insolvency of Defendant.*—
*Levy by Constable.*—An allegation in a complaint, in an action to
set aside a conveyance of real estate as fraudulent, that plaintiff
obtained a judgment against defendant before a justice of the
peace upon which an execution was issued and placed in the
hands of a constable who returned the writ indorsed "No prop-
erty found," was not a sufficient allegation of defendant's in-
solvency; since a constable has no authority to make a levy upon
real estate.

From Marion Circuit Court; *H. C. Allen,* Judge.

Action by Ira M. Holmes against Mary R. Stuckwisch
and others to set aside a conveyance of real estate as
fraudulent. From a judgment for plaintiff, defendants
appeal. *Reversed.*

*W. B. Schwartz,* for appellants.
*Ira M. Holmes* and *G. O. Dix,* for appellee.

WILEY, C. J.—This cause was transferred from the Su-
preme Court.

Appellee was plaintiff, and sued appellants to set aside
a conveyance of real estate as fraudulent and to subject the
same to the payment of his debt. A joint demurrer to the
complaint was overruled, and also appellants' motion for
a new trial. By the assignment of error, these rulings are
challenged, and they are the only questions for decision.
The complaint avers that appellee recovered a judgment
before a justice of the peace in Marion county against ap-
pellant Mary R. Stuckwisch; that he caused to be filed in
the clerk's office of the Marion Circuit Court a transcript
of said judgment; that at the date of the rendition of said
judgment, said judgment defendant owned certain real
estate in said county, which said real estate is specifically
described; that prior to the filing of said transcript, but
subsequent to the rendition of said judgment, pursuant to

a fraudulent combination between the said Mary, her husband, and her son Henry, the said Mary and her husband conveyed said real estate to her son Henry, with the fraudulent intent to hinder and defraud her creditors, and that the said Henry accepted said conveyance with a full knowledge of said judgment, and knowingly and with intent to hinder and defraud the creditors of said Mary. It is also averred that there was no valuable consideration for said conveyance; that appellee procured to be issued upon said judgment an execution; that said execution was placed in the hands of a constable and was by him returned *"nulla bona."* The prayer of the complaint is that the said conveyance be set aside and the real estate subjected to the payment of appellee's judgment.

It will be observed from the material averments of the complaint, as recited, that there is no averment that appellant Mary R. Stuckwisch was insolvent at the time of the conveyance, nor that at the time of the conveyance, and when the action was brought, she did not have enough property subject to execution to pay her debts. It can not be successfully contended that because it is shown that an execution was issued by the justice of the peace, placed in the hands of a constable, and he returned it indorsed "No property found," that this is a sufficient allegation of insolvency, or that the judgment defendant did not have, when the conveyance was made, and when the action was commenced, enough property, subject to execution, to pay her debts.

A constable has no authority to levy an execution upon real estate. His power is exhausted when he fails to find personal property upon which to levy. It does not necessarily follow that, because he found no personal property upon which to levy, the judgment defendant did not have real estate subject to execution. Ample provision is made by statute, §626 Burns 1901, by which an execution may

be issued by the clerk of the circuit court upon a judgment, a transcript of which has been duly filed in his office. If a debtor has sufficient property, subject to execution, to pay his debts, after making a conveyance of real estate, such conveyance will not be regarded as fraudulent. A person may make such disposition of his property as he pleases, so long as he does not deprive others of any rights they possess. It has been repeatedly held that in an action by a creditor to set aside a conveyance as fraudulent it must be alleged in the complaint that at the time of the conveyance, and when the suit is brought, the debtor did not have enough property, subject to execution, to pay his debts. *Brumbaugh* v. *Richcreek,* 127 Ind. 240, 22 Am. St. 649; *McConnell* v. *Citizens State Bank,* 130 Ind. 127; *Line* v. *State, ex rel.,* 134 Ind. 468; *Winstandley* v. *Stipp,* 132 Ind. 548; *Crow* v. *Carver,* 133 Ind. 260; *Petree* v. *Brotherton,* 133 Ind. 692; *Wilson* v. *Boone,* 136 Ind. 142.

The complaint is fatally defective in failing to make these necessary averments. Judgment reversed, and the trial court is directed to sustain the demurrer to the complaint.