## DINIUS ET AL. v. LAHR.

[No. 5,618. Filed June 22, 1905. Rehearing denied October 5, 1905. Transfer denied November 1, 1905.]

1. APPEAL AND ERROR.—*Appellate Court Rules.—Briefs.*—No question is raised on any pleadings not set out literally or substantially in appellant's brief. p. 426.

2. TRIAL.—*Special Findings.—Presumptions.—Inferences.*—Special findings are presumed to state all of the facts, and no inferences or intendments will be drawn in aid thereof. p. 426.

3. SAME.—*Special Findings.—Evidentiary Facts.—Conclusions of Law.*—Where evidentiary facts are included in the special findings they will not be considered in support of the conclusions of law. p. 426.

4. FRAUDULENT CONVEYANCES.—*Mortgages.—When Insolvency Must Be Shown.*—A suit to set aside a fraudulent mortgage is governed by the rules relating to fraudulent conveyances, and it must be shown that defendant debtor did not have sufficient property remaining at the time of the execution of such mortgage to pay plaintiff's debts. p. 428.

5. SAME. — *Mortgages. — Insolvency. — Findings.* — Where the special findings, in an action to set aside a mortgage as fraudulent, show that defendant debtor was insolvent at the time of the trial and that such mortgage was executed seventeen months before the trial, a conclusion of law that such mortgage should be set aside as fraudulent is not sustained. p. 429.

6. TRIAL.—*Fraudulent Conveyances.—Insolvency.—Special Findings.*—A finding that defendant took a mortgage knowing of plaintiff's claim and knowing that the execution thereof would render the mortgagor insolvent, is not a finding that the execution of the mortgage on the date thereof left the mortgagor insolvent. p. 430.

7. APPEAL AND ERROR.—*New Trial.—Special Findings.—Discretion.*—Where justice will be subserved the Appellate Court will order a new trial, although appellant, on the special findings, is technically entitled to a decree. p. 430.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Suit by John C. Lahr against Peter E. Dinius and wife. From a decree for plaintiff, defendants appeal. *Reversed.*

*T. G. Smith,* for appellants.

*S. M. Saylor,* for appellee.

Myers, P. J.—The appellee began this suit against appellants to set aside as fraudulent a certain mortgage for $3,000, executed June 3, 1898, by appellant Peter E. Dinius to his wife and coappellant Elizabeth Dinius. The cause was put at issue, tried by the court, special finding of facts found, conclusions of law stated on the findings, and judgment in accordance with the findings and conclusions.

We will not take space to state the facts appearing from the pleadings, for to do so will answer no purpose, as under the rules of the Supreme and this Court but one

1. question is presented, namely, that the court erred in its conclusions of law. *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435; *Schreiber* v. *Worm* (1904), 164 Ind. 7.

For the purpose of the decision of the dispute now before this court it will be well to observe in the outset that the special findings are supposed to exhibit all the facts

2. in the case (*National State Bank* v. *Sanford Fork, etc., Co.* [1901], 157 Ind. 10); and that the facts are fully and correctly found (*Phelps* v. *Smith* [1888], 116 Ind. 387; *Conner* v. *Andrews Land, etc., Co.* [1904], 162 Ind. 338; *Blair* v. *Curry* [1898], 150 Ind. 99); and that no inferences or intendments are to be drawn from the special findings in aid thereof (*Hill* v. *Swihart* [1897], 148 Ind. 319; *Cleveland, etc., R. Co.* v. *Moneyhun* [1896], 146 Ind. 147, 34 L. R. A. 141; *Craig* v. *Bennett* [1897], 146 Ind. 574). Nor can evidence included in the special findings from which ultimate facts might have been

3. found take the place of such ultimate facts. It is the ultimate facts as found, and not evidentiary facts, which support conclusions of law. *Bradway* v. *Groenendyke* (1899), 153 Ind. 508; *Talbott* v. *English* (1901), 156 Ind. 299; *Coffinberry* v. *McClellan* (1905), 164 Ind. 131.

In the case at bar it appears from the special finding of facts that on June 10 and 14, 1898, in the Huntington Circuit Court, judgments were rendered against Wesley F. Dinius and Peter E. Dinius, and in favor of appellee, aggregating the sum of $902.07 and $24.10 cost; that at the beginning of this action, November 28, 1899, said judgments were due and wholly unpaid; that said judgments were had upon three several promissory notes executed by said Dinius and Dinius—one on April 29, 1893, for $255, one on September 22, 1893, for $260, and one on May 28, 1897, for $247; that on the date of the execution of said several promissory notes the appellant Peter E. Dinius was the owner of ninety-six acres of real estate in Huntington county, Indiana; that the same was unencumbered by any judgment, mortgage or other lien or liens; that appellant Peter E. Dinius derived title to a part of said real estate by inheritance from his father on December 31, 1870, and the balance by purchase May 20, 1874, and April 3, 1882, from persons who had also inherited interests in his father's lands. The findings show that Wesley F. Dinius, on the date of the rendition of said judgment was, and continuously ever since has been and now is, insolvent. There are other findings, relative to the transactions between appellants in regard to money which appellant Elizabeth Dinius received from her father, which it is necessary to set forth in detail in view of our present opinion as to the ultimate conclusion we are bound to reach as to the question now under consideration. The court further finds: "(7) That the real estate described in these findings is worth $4,800. (8) That the personal property of the defendant Peter E. Dinius does not exceed $600, and, if the mortgage set out in finding nine herein is held valid, was at the beginning of this suit, and ever since has been, financially insolvent. (9) That the defendant Elizabeth Dinius took and received a mortgage for the sum of $3,000 on the 3d day of June, 1898, after the defendant Peter E. Dinius had

been served with summons on the complaints on the notes set out in findings one and two of this finding of facts, and before the return day for each of said summonses as for purchase money of said real estate described herein, and that the same was recorded in mortgage record forty-six of Huntington county, at page 355 thereof, and that she took the same with full knowledge of the claims of the plaintiff and other creditors, and with full knowledge that the same would render said Peter E. Dinius financially insolvent, and that she and said Peter E. Dinius joined in the intent to cheat, hinder and delay the creditors of said Peter E. Dinius, and this plaintiff in particular."

Upon the facts found, the court stated as conclusions of law "that plaintiff ought to recover from defendant Peter E. Dinius, on the judgments sued on, the sum of $1,230.25; that the mortgage of $3,000, dated June 3, 1898, executed and delivered by the defendant Peter E. Dinius to the defendant Elizabeth Dinius * * * is fraudulent as to the plaintiff, and that he is entitled to have the same set aside and canceled, and that the plaintiff is entitled to a decree setting aside and canceling said mortgage, and to subject the following described real estate in Huntington county, in the State of Indiana, to wit [describing it], or as much thereof as shall be necessary to sell for the payment of the plaintiff's said judgments and the costs of this suit." The second conclusion of law relates to the foreclosure of the mortgage.

While this is a suit to set aside a mortgage as fraudulent, the same rules of law govern as obtain in suits to set aside fraudulent conveyances. *Aiken* v. *Kilburne* (1847), 27 Me. 252. Therefore, considering this action from the viewpoint of a fraudulent conveyance, before the appellee will be entitled to recover he must allege and prove that at the time of the execution of the mortgage sought to be set aside, and at the time the suit was brought, Peter E. Dinius did not have enough property left subject

to execution, after satisfying said mortgage, to pay his debts, or to pay appellee's judgments. *Nevers* v. *Hack* (1894), 138 Ind. 260, 46 Am. St. 380; *Winstandley* v. *Stipp* (1892), 132 Ind. 548; *Slagle* v. *Hoover* (1894), 137 Ind. 314; *Petree* v. *Brotherton* (1893), 133 Ind. 692; *Vansickle* v. *Shenk* (1898), 150 Ind. 413; *Pierce* v. *Hower* (1895), 142 Ind. 626; *Sell* v. *Bailey* (1889), 119 Ind. 51. In the case last cited the court quoted with approval from *Rice* v. *Perry* (1870), 61 Me. 145, as follows: " 'A fraudulent purpose is an important element in the case, but it is not the only one; there must be superadded to it in addition to the sale, actual fraud, hindrance, or delay resulting therefrom to the creditors. The sale will be upheld unless the fraudulent purpose is actually accomplished. * * * The reason for considering the sale void in this class of cases is that creditors are damaged thereby; and when the reason is wanting the rule itself becomes inapplicable.' There is, as our cases have always affirmed, no reason for stigmatizing a conveyance as fraudulent when the grantor has, at the time it is made, abundant property subject to execution out of which all his debts could be collected."

In the case at bar it may be said that the findings show that appellant Peter E. Dinius was insolvent from the time of the commencement of this suit; but it appears from the findings that the mortgage assailed was executed more than seventeen months before the institution of this suit. There is no finding that the appellant Peter E. Dinius, at the time the mortgage was executed, did not retain sufficient property to pay his debts or appellee's judgments. Such a finding was necessary under the authorities above cited to sustain the conclusions of law. The fact of Peter E. Dinius's insolvency at the time this suit was begun does not raise the presumption that insolvency existed prior to that time. *Nevers* v. *Hack, supra,* and cases cited. Finding num-

bered nine "that she took the same [mortgage] with full knowledge of the claims of the plaintiff and other creditors, and with full knowledge that the same would render said Peter E. Dinius financially insolvent"—is not a finding that the execution of the mortgage on the date thereof left the mortgagor insolvent and without property sufficient to pay appellee's judgment. As we have seen from the authorities cited, we are not to indulge in presumptions and intendments to support findings on which to predicate or uphold conclusions of law. "Would render said Peter E. Dinius financially insolvent." When? How long after the execution of the mortgage? These are questions which might properly be asked; and yet we are not told by the findings when this insolvency is to occur. If not until long after the giving of the mortgage, then under the well-established rules of law appellee can not recover. For the reasons stated, conclusion of law numbered one, submitted by the court below, is erroneous.

Upon a careful examination of the record in this case, we have come to the conclusion that justice will be best subserved by granting a new trial. The judgment of the lower court is therefore reversed, with instructions to permit the parties to amend the pleadings if they so desire, and that a new trial be granted.