## WEEKS v. HATHAWAY ET AL.

[No. 6,853.   Filed January 25, 1910.]

1.   TRIAL.—*Special Findings.—Conclusions of Law.—Exceptions to. —Effect.*—An exception to conclusions of· law admits that the facts within the issues are fully and fairly found.   p. 201.

2.   VENDOR AND PURCHASER.—*Real Property.—Trusts.—Actual Notice.*—A purchaser, without actual notice, who purchases real estate from the legal owner thereof, takes the title thereto, where such legal owner was holding such land in trust under an unrecorded instrument (§3964 Burns 1908, §2932 R. S. 1881).   p. 201.

3. VENDOR AND PURCHASER.—*Real Property.—Trusts.—Notice.*—
Where the actual owner of one-half of a tract of land is in possession of the whole tract, accounting to the owner of the other half in rents, the other owner holding the legal title to the whole tract, a purchaser of the tract, actually knowing that such possessor claimed some title to such tract, takes title to but one-half thereof. pp. 201, 203.

4. VENDOR AND PURCHASER.—*Adverse Claims.—Notice.*—A purchaser is chargeable with notice of another's claim of title, where the circumstances are such that he should have known thereof. p. 202.

From Pulaski Circuit Court; *Truman F. Palmer,* Special Judge.

Suit by Medary M. Hathaway against Frank W. Weeks and another. From a decree for plaintiff, said defendant Weeks appeals. *Affirmed.*

*Burson & Burson* and *F. L. Dukes,* for appellant.
*Henry A. Steis,* for appellee.

WATSON, J.—Medary M. Hathaway filed his amended complaint in three paragraphs for the partition of certain lands in Pulaski county, Indiana. In the first paragraph he avers that he and the defendant, Fannie Weeks, are tenants in common of the land described therein, and that he is the owner of the undivided one-half thereof; that Fannie Weeks is the owner of the residue; that Frank Weeks, the appellant, has no interest therein. The second paragraph is substantially the same as the first, except that it is averred therein that the defendant claims some interest in and to the real estate. The third paragraph alleges that the plaintiff is the owner of an undivided one-half and in possession of the whole of said real estate described in said complaint, and that the defendants claim to have some interest, which is a cloud upon the title to plaintiff's one-half thereof.

It is averred that on October 27, 1903, Charles L. Weeks, husband of defendant, Fannie Weeks, purchased from plaintiff, for a valuable consideration, to wit, $2,500, an undivided one-half of the land; that by a "written declaration

of trust'' the purchaser agreed to hold the land in trust, one-half for himself, the other half for the plaintiff; that the deed to said Charles L. Weeks was made for that purpose, and for none other; that during the lifetime of said Charles L. Weeks he did hold it in trust, in pursuance of said agreement; that Charles L. Weeks departed this life, and a short time prior to his death he executed a deed to his wife, Fannie Weeks for the real estate described in the complaint, and delivered it to the plaintiff to be delivered to her after his death; that said deed was afterwards delivered to said Fannie Weeks, who accepted it, and accepted the trust theretofore accepted and carried out by her said husband; that said plaintiff continued in possession and control of said property, leased it, collected the rents, and thereafter made settlements with said Fannie Weeks, by paying her one-half of said rents; that afterwards, to wit, on March 25, 1905, Fannie Weeks conveyed said real estate to the appellant, Frank Weeks.

To this complaint Fannie Weeks filed her separate answer in two paragraphs: (1) A general denial; (2) specifically denying that she had accepted the deed from Charles L. Weeks with the trust, or with any knowledge of the trust. Frank Weeks filed his answer in two paragraphs: (1) A general denial; (2) alleging that he is a good-faith purchaser from his codefendant, Fannie Weeks, and for a valuable consideration; denying any knowledge of the plaintiff's claim of owning or having any interest in the land described in plaintiff's complaint, and that he was not informed of the claim until after the commencement of the suit. To each of these answers a reply in general denial was filed. Upon the issues thus formed the cause was submitted to the court without the intervention of a jury, and upon request it made special findings and stated conclusions of law thereon. To the conclusions of law each defendant excepted.

The errors assigned are that the court erred in stating each

of the conclusions of law, and that the court erred in overruling the appellant's motion for a new trial.

The findings are, in substance, as follows: On April 1, 1903, William Smith and the Great Western Canning Company owned the lands described in the complaint, and on said day, by warranty deeds, sold and conveyed them to Medary M. Hathaway for the sum of $5,000, which deeds were duly recorded on October 27, 1903, on which day said Hathaway and wife sold and conveyed to Charles L. Weeks one-half interest in the real estate described in the complaint for the sum of $2,500, which deed purported on its face to convey the whole of said real estate to said Charles L. Weeks, and made no reference to the declaration of trust, which is as follows:

"Be it known by this instrument that the deed this day executed by Medary M. Hathaway and wife, Elsie L. Hathaway, to the undersigned Charles L. Weeks, for lots * * * is intended as a conveyance in trust only, that is to say, that said land before described is to be owned and is owned by the grantee, Charles L. Weeks, and the grantor, Medary M. Hathaway, in equal shares, each the undivided one-half thereof. Given this 27th day of October, A. D., 1903.

Charles L. Weeks."

This instrument and the deed from Hathaway and wife to Charles L. Weeks were executed at the same time. The deed was thereafter duly recorded, but said declaration of trust was not recorded. Prior to the death of Charles L. Weeks he executed a deed to Fannie Weeks, his wife, and delivered it to Medary M. Hathaway, to be by him delivered to Fannie Weeks after the death of her said husband, and afterwards Hathaway did deliver said deed to her, which purported on its face to convey all the real estate embraced in the deed from Hathaway and wife to Charles L. Weeks. But at the time said Fannie Weeks received said deed she did so with full knowledge that Medary M. Hathaway was in possession of said real estate under some form of declara-

tion of trust existing between said Hathaway and Charles L. Weeks, and she knew at the time of the acceptance of said deed that her husband owned but a half interest in said real estate, and that said Hathaway owned the other half. During the life of Charles L. Weeks said Hathaway had made settlements with him, paying him one-half the rents so collected, and made settlements with Fannie Weeks, paying her one-half the rents so collected, which amounts were accepted by her. Afterwards, to wit, on March 25, 1905, Fannie Weeks executed and delivered a warranty deed to Frank Weeks, a brother of decedent, for the sum of $2,500, for the land embraced in the deed from decedent to her, purporting to convey the whole thereof, which deed was duly recorded in the recorder's office of Pulaski county, on May 1, 1905. At the time said Frank Weeks accepted said deed he knew that said Hathaway was in possession thereof, and had been since the execution of said declaration of trust.

The tenth finding is as follows: "When the defendant Frank Weeks accepted the conveyance from the defendant Fannie Weeks, as heretofore found, he, said Frank Weeks, knew that a part of the real estate in question was occupied by tenants, and that they were holding possession as such tenants, and that said Medary M. Hathaway was receiving rental therefor, and that he had made division of said rental with said Charles L. Weeks during his lifetime, and with said Fannie Weeks after the death of said Charles L. Weeks, and that said Medary M. Hathaway was claiming to be the owner of an interest in said real estate, under some form of agreement between said Hathaway and said Charles L. Weeks, executed during the lifetime of said Charles L. Weeks, and said Frank Weeks knew, at the time he received said conveyance from Fannie Weeks, that said Fannie Weeks had received said real estate from her husband, Charles L. Weeks, under some form of agreement existing between said Medary M. Hathaway and said Charles L.

Weeks, upon which was based the claim of said Hathaway to be the owner of a part of said real estate.''

Upon the facts found the court states as its conclusions of law thereon that the appellant and appellee Hathaway each own one-half of the real estate described in the plaintiff's complaint, in fee and as tenants in common; that appellee Fannie Weeks has no interest therein. The appellant, having excepted to the conclusions of law, thereby admitted that the facts had been fully and fairly found within the issues. *Blair* v. *Curry* (1898), 150 Ind. 99; *Connor* v. *Andrews Land, etc., Co.* (1904), 162 Ind. 338; *Dinius* v. *Lahr* (1905), 36 Ind. App. 425.

The sole question here is, Was the appellant a good-faith purchaser for value and without notice? The statute (§3964 Burns 1908, §2932 R. S. 1881), provides: ''When a deed purports to contain an absolute conveyance of any estate in lands, but is made, or intended to be made, defeasible by force of a deed of defeasance, bond or other instrument for that purpose, the original conveyance shall not thereby be defeated or affected as against any person other than the maker of the defeasance, or his heirs or devisees or persons having actual notice thereof, unless the instrument of defeasance shall have been recorded, according to law, within ninety days after the date of said deed.''

The Supreme Court, in construing this statute in the case of *Crassen* v. *Swoveland* (1864), 22 Ind. 427, held that actual notice is required to defeat a purchaser when the defeasance has not been recorded. Therefore, under this construction, the appellee Hathaway and wife, having made an absolute conveyance of the real estate, which is the subject of this controversy, to Charles L. Weeks, and at the same time said Weeks executed to Hathaway an instrument by which said deed was made defeasible, it was necessary, in the absence of the recording of said instrument

by the appellee Hathaway, that the appellant have actual notice of this instrument, or he would be regarded as an innocent purchaser. However, statutes like unto this have been the subject of much discussion and conflicting opinions in many of the states as to the construction of the words ''actual notice,'' as used in the statutes.

In the case of *Exon* v. *Dancke* (1893), 24 Ore. 110, the court, in discussing a statute like the one before quoted, said: We ''assume the true rule to be, that notice, within the meaning of the statute, must be held to be actual when the subsequent purchaser has actual knowledge of such facts as would 'put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of the right or title in conflict, with that which he is about to purchase.' *Brinkman* v. *Jones* [1878], 44 Wis. 498.''

When a purchaser does not have actual notice of facts which would create a trust, he ought not to be charged with notice, unless the circumstances are such as to enable a court to say not only that he might have acquired it, but that he would have acquired it, but for his gross negligence. *Wilson* v. *Wall* (1867), 6 Wall. 83, 18 L. Ed. 727; *Stanly* v. *Schwalby* (1896), 162 U. S. 255, 276, 16 Sup. Ct. 754, 40 L. Ed. 960.

It is said in 4 Cent. L. J. 122: ''In this country and in England the doctrine seems quite firmly established, that open, notorious, unequivocal and exclusive possession of real estate, under an apparent claim of ownership, is notice to the world of whatever claim the possessor asserts, whether such claim is legal or equitable in its nature.'' See, also, *Kirkman* v. *Moore* (1903), 30 Ind. App. 549, and cases cited.

In the case of *Dyer* v. *Eldridge* (1894), 136 Ind. 654, the court said: ''Actual possession of lands under a claim of title is sufficient notice of such claim to put others on inquiry as to the extent and nature of the claim.''

Whether under the later decisions of our State the rule, as announced in the case of *Crassen* v. *Swoveland, supra,* has

been modified as to the construction of the words
3.  "actual notice," or whether, from all the facts and
circumstances surrounding the transaction between
the parties to this action, the appellant should have had,
and did have, actual notice as well as constructive notice
from the facts found, is unnecessary for us to decide, for
the reason that the court found that appellant did have
actual notice that Hathaway had an interest in said real
estate at the time he purchased from appellee Fannie Weeks.
He, therefore, will not be regarded as a *bona fide* purchaser
in good faith.

We have examined the record, and find the evidence jus-
tifies the findings of the court.   There being no available
error, the judgment is affirmed.